FILED For Due

**JAMES WILLIAM ROBINSON**
_____
NAME

**T26039**
_____
PRISON IDENTIFICATION/BOOKING NO.

**5150 O'BYRNES FERRY ROAD Jamestown**
_____
ADDRESS OR PLACE OF CONFINEMENT

**California 965327**
_____

2009 DEC 21  AM 10: 44

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

| Note: | It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address. |
|---|---|

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**James William Robinson**
**(AKA) Williams Winn**
_____
FULL NAME (Include name under which you were convicted)

Petitioner,

v.

**F.X.CHAVEZ**
_____
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

**COUNSEL REQUESTED**
**EVIDENTIARY HEARING REQUESTED**

CASE NUMBER:

CV **CV09-09324** (CAS)(CT)

To be supplied by the Clerk of the United States District Court

☐ _____ **AMENDED**

**PETITION FOR WRIT OF HABEAS CORPUS**
**BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION **Los Angeles**
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.   To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.   In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.   Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.   Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.   You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5.   You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6.   When you have completed the form, send the original and two copies to the following address:
     Clerk of the United States District Court for the Central District of California
     United States Courthouse
     ATTN: Intake/Docket Section
     312 North Spring Street
     Los Angeles, California 90012

LODGED
CLERK, U.S. DISTRICT COURT

DEC 17 2009

CENTRAL DISTRICT OF CALIFORNIA
_____ DEPUTY

_____
CV-69 (04/05)        PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)        Page 1 of 10

# TABLE OF CONTENTS

PETITION FOR WRIT OF HABEAS CORPUS..................Pgs. (1  10)

GROUND ONE........................................Pgs. (11-25)

GROUND TWO........................................Pgs. (26-36)

GROUND THREE......................................Pgs. (37-40)

GROUND FOUR.......................................Pgs. (41-46)

## APPENDIX  A
### SUPREME COURT JUDGMENT NOTICE

## APPENDIX  B
### INMATE TRUST ACCOUNT STATEMENT

## APPENDIX  C
### NOTICE OF APPEAL

## APPENDIX  D
### PROOF OF SERVICE

## APPENDIX  E
### APPELLATE ATTORNEY'S BRIEF

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention ___Sierra Conservation Center___
   b. Place of conviction and sentence ___Los Angeles Superior Court,101 North Hill St.___

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*): ___Assult with A deadly Weapon___

   b. Penal or other code section or sections: ___Pen Code Sec.245 Subd. (a)(1)___

   c. Case number: ___BA299063-1___
   d. Date of conviction: ___April 26,2007___
   e. Date of sentence: ___April 26,2007___
   f. Length of sentence on each count: ___Six (6) years,Consisting of the Middle term of Three(3) Years on Court 2,Doubled to six years as a Second strike___
   g. Plea (*check one*):
      ☐ Not guilty
      ☐ Guilty
      ☒ Nolo contendere
   h. Kind of trial (*check one*):
      ☐ Jury
      ☒ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☒ Yes  ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: ___B200921___
   b. Grounds raised (*list each*):
      (1) ___wende (1979) 25 Cal.3d 436   (SEE APPENDIX E )___

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision: __July 14,2008_____

d.  Result _____Judgment Affrimed_____

_____

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal

decision?   ☒ Yes   ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.  Case number: _____S165606_____

b.  Grounds raised *(list each)*:

(1) __SEE ATTACHMENT, (Notice of Appeal,and Supreme Ct.Case S165606)__

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision: __Sept,17,2008_____

d.  Result _____Petition for Review Denied_____

_____

5.  If you did not appeal:

a.  State your reasons _____

_____

_____

_____

_____

b.  Did you seek permission to file a late appeal?   ☐ Yes   ☐ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☐ Yes   ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: _____

     (2) Case number: _____

     (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

     (4) Grounds raised *(list each)*:

          (a) _____

          (b) _____

          (c) _____

          (d) _____

          (e) _____

          (f) _____

     (5) Date of decision: _____

     (6) Result _____

     _____

     (7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

b.  (1) Name of court: _____

     (2) Case number: _____

     (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

     (4) Grounds raised *(list each)*:

          (a) _____

          (b) _____

          (c) _____

          (d) _____

          (e) _____

          (f) _____

     (5) Date of decision: _____

     (6) Result _____

     _____

     (7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

c.  (1) Name of court: _____

     (2) Case number: _____

     (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

     (4) Grounds raised *(list each)*:

          (a) _____

          (b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?        ☐ Yes   ☐ No

7.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than five grounds.  Summarize briefly the <u>facts</u> supporting each ground.  For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:**  *Exhaustion Requirement*:  In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court.  This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a.  Ground one: **Ineffective assistance of counsel**

(1) Supporting FACTS: **Petitioner's Counsel was ineffective in Failing to conduct Reasonable Pre-trial investigation. This Violated petitioner's Right to counsel,as Guarranted by Amendments 6 and 14 to the United States Constitution.** Wiggins V.Smith 123 S. Ct.2527 (See Attachment)

**[See attachments]**

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

b.  Ground two: **Guilty Plea prombt by Ineffective Assistance of Counsel**

(1) Supporting FACTS: **Petitioner was Convicted on the Basis of a Guilty plea that was the Product of Ineffective assistance of counsel in Violation of Petitioners 5th amendment United States Constitutional Right.**

**[See Attachment]**

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

c.   Ground three:   __ABUSES OF JUDGE'S DISCRETION__

(1) Supporting FACTS: __"A Criminal Defendant Tried by a Partial Judge is__ __Entitled to have his Conviction Set aside, No matter how strong the__ __evidence against him". Edward V.Balisok 520 U.S. 641,647 (1997). "Baised__ __trial Judge is Structural [Error], and thus [Is] subject to__ __automatic reversla". Neder V.U.S. 527 U.S.1,8 (1999).__

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

d.   Ground four:   __GUILTY PLEA COERCED__

(1) Supporting FACTS: __Petitioner's Plea was the result of__ __Unconstitutional Coercion in violation of Petitioner's Due__ __Process 5th Amendment United States Constitutional Rights.__ __Marby V. Johnson 467 U.S. 504 (1984)__

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

e.   Ground five: _____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

8.  If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state

briefly which grounds were not presented, and give your reasons: _____

_____

_____

9.  Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes   ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and*

*the rulings on the petitions if available)*:

a.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes   ☐ No

b.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?      ☐ Yes  ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect

to this judgment of conviction?      ☐ Yes  ☒ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a)    _____

(b)    _____

(c)    _____

(d)    _____

(e)    _____

(f)    _____

11. Are you presently represented by counsel?      ☐ Yes  ☒ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

_____

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __12-14-2009__          _Jarvis Walter Robinson_
            *Date*                    *Signature of Petitioner*

JAMES WILLIAM ROBINSON
*Petitioner*

F.X.Chavez   (Warden)
*Respondent(s)*

DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS

I, James William Robinson, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?  ☐ Yes   ☒ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

   _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?   ☐ Yes   ☒ No
   b. Rent payments, interest or dividends?   ☐ Yes   ☒ No
   c. Pensions, annuities or life insurance payments?   ☐ Yes   ☒ No
   d. Gifts or inheritances?   ☐ Yes   ☒ No
   e. Any other sources?   ☐ Yes   ☒ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

   _____

   _____

3. Do you own any cash, or do you have money in a checking or savings account?  *(Include any funds in prison accounts)*

   ☐ Yes   ☒ No

   If the answer is yes, state the total value of the items owned: _____

   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes ☒ No

If the answer is yes, describe the property and state its approximate value: _____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

_____

_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on *12-14-2009*                    _James Willie Roberts_
              *Date*                                        *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $ _No Funds_____ on account to his credit at the _Sierra Conservation Center_____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _Zero/Nono_____

_____

_____

_____              _____
       *Date*                                        *Authorized Officer of Institution/Title of Officer*

SEE ATTACHED TRUST STATEMENT
APPENDIX B

1                          GROUND ONE

2                 INEFFECTIVE ASSISTANCE OF COUNSEL

3    PETITIONER'S COUNSEL WAS INEFFECTIVE IN FAILING TO CONDUCT A

4    REASONABLE PRETRIAL INVESTIGATION. IN DOING SO HE VIOLATED

5    PETITIONER'S RIGHT TO COUNSEL,AS GUARRANTEED BY AMENDMENTS 6,& 14

6    TO THE UNITED STATES CONSTITUTION.       See Wiggins V.Smith 123 S.Ct.

7

8      The attorney/Client Fibuciary relationship was Severly DAMAGE. Counsel

9    never counsel defendant WEEKS PRIOR TO THE DEFENDANT BEING USHERED INTO TRAIL.

10   See reporter's Transcript page 25,.April 25,2007

11   MR.SPERBER:  Your Honor I have NOT checked with the County jail..

12                I have been in trial in (another matter) for the LAST

13   WWEEKS.

14   NOTE: THIS IS A TRAIL DAY.COUNSEL ADMITS FARTHER OF NOT SPEAKING WITH HIS

15   CLIENT PRIOR TO OR AFTER THE CASE WAS ASSIGNED TO THIS COURT ROOM,WERE THE

16   DEFENDANT ALREADY EXPRESS THE JUDGE,RUTH ANN KWAN WAS PREJUDICE TOWARDS HIS

17   INTEREST.

18   MR.SPERBER:  We'll the only thing I would say to that,your honor,

19                is because I arrived in department 100 late,I did not

20   SPEAK to Mr.Winn(defendant) before the case got assigned here".

21   COUNSEL HAD NOT SPOKE TO DEFENDANT ABOUT MANY ISSUE OF THE CASE.ISSUE LIKE

22   [DEFENDANT'S CLOTHING].     The defendant express interest in wearing his own

23   personal clothing to trial.Counsel nelgected this up untilthe first day  of

24   trial,and with the Judges input,forfeited the interest of the client,in favor

25   of wearing cloths from the public-defenders office instead.Such presure

26   WEIGNED heavy on the defendant,his interest and deprive him of private

27   consulation,and ineffective ASSISTANCE OF COUNSEL..reporter's transcript

28   April 25,2007,Page 1-2              PAGE 11

1  ON APRIL 25,2007 THE DEFENDANT SET IN JUDGE RUTH ANN KWAN COURT ROOM AND LISTEN

2  TO COUNSEL SPERBER INEXCUSABLE REASON WHY EYE WITNESSES FOR THE DEFENSE WAS NOT

3  PRESENT,SUBPOENA,NOR CONTACTED IN THIS MATTER.  FARTHER ILLUMINATING COUNSEL'S

4  INCOMPEMPETENCE,AND INEFFECTIVE ASSISTANCE AS DEFENDANT ATTORNEY.

5  Reporter's Transcripts,April 25,2007

6  THE COURT:   May I have both of your witnesses list? Pg.6 ,line 12.

7              May I have both of your witnesses list? Pg.11,line lo.

8  IN BETWEEN THESE TWO REQUEST-ASK AT DIFFERENT TIMES FOR ODD REASON

9  COUNSELS WOULD SUBMIT A LIST OF NAMES DIFFERENT FROM THE PREVIOUS ONE.

10

11  MR.SPERBER:   "Your Honor,I subpoenard a number of witnesses that were orderd

12             to department 100 yesterday.---some of them appeared---and were

13  ordered back--and did not show up today---others were not in Department 100---

14  and body attachments were held until today.---"...A doctor Levine...and you put

15  (him) on call to me. I sent another subponea for him yesterday,He did not

16  appear yesterday.

17  THE COURT:   Okay lets deal with one witness at a time.Okay?Pg.6,line25-pg.

18             10,line 5.

19                   _____BETTEY ARISTON_____

20  MR.SPERBER:  She didn't show up today...continue to hold..I'll call her.

21                   _____JORGE VALENCIA_____

22  MR.MCPHERON: That's the people witness..He's on call...continued to be held.

23                   _____VERNON WOODS_____

24  MR.SPERBER:  "Mine...he's never cooperated with ...me.  (Released.

25             body attachment is issue.Bail 20.000).

26                   _____SILVA PEYNA_____

27  MR.SPERBER: That was mine.I don't know if anything was sent in response".

28                        PAGE 12

1    THE COURT:    Well the thing is that you need to CONTACT these people...its

2                        CLEARLY meant for you to CONTACT THEM".

3    MR.SPERBER:    I Plan on calling them all...I just wondered if she

4                        sent any records

5    THE COURT:   I haven't seen any.

6

7    MR.SPERBER:   Your Honor.There are several other subpoenas of people who did

8                        not show up that I have.

9    THE COURT:   The subponeas was for when,today?

10   MR.SPERBER: Yesterday.

11   THE COURT:   Well,yesterday is to late.

12   THIS IS THE VERY THING THE DEFENDANT COMPLAINED ABOUT DURING THE (semi)2,28,07

13   MARSDEN.(WITNESSES NOT BEING CONTACTED IN A TIMELY MANNER).SOMETHING THIS JUDGE

14   KWAN DISREGARDED THEN ,AND ALSO DURING THESE PROCEEDING.

15   MR.SPERBER:   Well they were held until today.

16   THE COURT:    They weren't.I'm looking at the minute order from yesterday.

17   FOR WHATEVER REASON COUNSEL SPERBER ATTEMPT TO MISLEAD THE COURT,THE COURT

18   EXPOSE HIS ERROR TO WHICH HE ADMITTED

19   MR.SPERBER:   I apoligize.The one's that I have now are people who did show up

20                        yesterday,but didn't come back today.They were ordered back

21   today.in Dept.100.

22   AGAIN THE JUDGE EXPOSE HIS ERROR BY POINTING OUT THE CLEAR WORD OF THE MINUTES

23   THE COURT:    "...I don't see anywhere in the minute order that show

24                        that they were ordered back today. I understand

25   yesterday you  (Mr.Sperber) were not(EVEN) here (,) Mr.Curt Leftwich

26   appeared for you. (see min.Order April 25,07. Page 68 Clerk's Transcripts

27   MR.SPERBER:   RIGHT. Lines 22-28 Page 10, Reporter's Transcript 4,25,07.

28                                         PAGE 13

1    THE COURT:   You're going to have to show me some...to get the Reporter's

2                 Transcript...or have the Reporter call me to indicate to me that

3    it's actually on the record.

4    MR.SPERBER:   Actually I see all the proof of service...there is cell numbers

5                 written in. So I believe—

6    THE COURT:   Pg.11,1-11;  "They may not have been ordered to return

7                 just place on call---by Mr.(Curt) Leftwich for you.

8    MR.SPERBER:   PUT ON CALL,RIGHT.

9    THE COURT:   So I cannot---issue any attachment,okay?

10   MR.SPERBER:   Okay.

11   THE PROBLEM IS OBVIOUS. MR.SPERBER FAIL TO MAKE SURE THESE WITNESS WERE CONTACT,

12   PREP PROPERLY,QUESTION AS TO THEIR STATEMENTS,AND SUBPOENA CORRECTLY AS EYE.

13   WITNESSES TO THIS INCIDENT,AS DEFENDANT REPEATLY TOLD THE COURT. THE COURT WAS

14   BIAS IN REGARDS TO DEFENDANT COMPLAINT.DISREGARDING THEM REPEATLY IN PRIVIOUS

15   MARSDEN. NOW HERE THE SAME JUDGE WHO DENIED PREVIOUES MASDENS WAS ACKNOWLEDGEING

16   COUNSEL INCOMPETENCE,NELGECT AND POOR JUDGMENT IN REPRESENTING THE DEFENDANT.

17   COUNSEL FAILURE TO HAVE EYE WITNESSES CORRECTLY SUBPONEA ON THE FIRST DAY OF

18   TRIAL.

19   PAGE 11,Lines 10-15  AGAIN THE JUDGE ASK FOR COUNSELS WITNESSES  LIST. THE

20   DISTRICT ATTORNEY SAID HIS LIST WOULD BE SUBMITTED INFORMAL ON A NOTE PAD.

21   INSTEAD OF INQUIRING OF THE NAMES ON THE D.A. LIST MR.SPERBER (Pretended) TO

22   NOT HAVE HEARD. ---THE DEFENDANT SPOKE UP AND REMINDED THE COURT,(DESPITE

23   COUNSEL'S NELIGENCE) THAT THE WITNESSES COUNSEL HAD SUPPOSE TO SUBPOENA AND

24   CONTACTED WERE EYE WITNESSES AND DESIRED TO HAVE THEM PRESENT AT THE TRIAL.

25      AGAIN JUDGE RUTH ANN KWAN DISREGARDED THE PLEA OF THE DEFENDANT,AND TOLD HIM

26   TO TALK TO HIS ATTORNEY.  TO A ATTORENY WHOM THE COURT WAS ACKNOWLEDGING AS

27   MISLEADING ETC. THE COURT,.PROVEN BY THE COURT IN FAILING TO CONTACT WITNESSES.

28   SHOWN BY THE COURT AS GROSSELY NELGECTING INPORTANT ISSUE TO DEFENDANT DEFENSE.

Discovery

DISCOVERY

1   DURING THE MARSDEN ON THIS TRIAL DATE (April 25,07) THE DEFENDANT COMPLAIN OF

2   COUNSEL'S UNWILLINGNESS TO FILE A DISCOVERY MOTION ON HIS BEHALF.Reporter's

3   Transcript Page 21,lines 21-28; page 22,lines 1-3. THE DEFENDANT INFORM THE

4   COURT HE HAD A RIGHT TO HAVE A DISCOVERY FILED BY COUNSEL ON HIS BEHALF.

5   DEFENDANT:  I asked Mr.Sperber...What the D.A. has in regards to

6                 using as evidence against me and so forth in this trial,

7   and could he give me some idea about this. And he indicated to me

8   that there was no need to file a discovery motion in this case

9   because he was aware of everything.   ...Again I asked him well,who is the D.A.

10  supposed to be calling as witnesses..? And he can't tell me anybody.He don't

11  know who he is going to call as witnwesses.I don't know even know.  So for my

12  own piece of mind,would like to know--I mean don't I have a right to have a

13  DISCOVERY MOTION in this case filed so that I can know what witnesses are going

14  to be presented or what evidence is going to be presented?

15  COUNSEL SPERBER PERFORMANCE WAS DEFICIENT,FAILING BELOW OBJECTIVE STANDARDS OF

16  REASONABLENESS AND THAT DEFICIENT PERFORMANCE PREJUDICED DEFENDANT. U.S.BRUCE

17  89 F.3d 886,319U.S.APP.D.C.245.  A DEFENDANT IS DENIED THE EFFECTIVE ASSISTANCE

18  OF COUNSEL IF REASON OF COUNSEL'S FAILURE TO PERFORM ACCORDING TO THE STANDARDS

19  IMPOSE (as of inadequate pretrial preparation),DEFENDANT IS DEPRIVED OF AN

20  ADJUDICATION OF A CRUCIAL OR POTENTIALLY DEFENSE.

21      APPARENTLY THE BREAKDOWN IN COMMUNICATION BETWEEN ATTORNEY AND CLIENT

22  ACCURED LONG BEFORE THIS.  COUNSEL AND DEFENDANT HAD BECOME SO EMBROILED IN

23  SUCH AN IRRECONCIABLE CONFLICT THAT INEFFECTIVE REPRESENTATION WAS THE RESULT

24  IN MATTERS CRUCIAL TO THE DEFENSE.TRUST HAS ERODED AND HAS CAUSED A BREAKDOWN

25  IN THEIR RELATIONSHIP THAT THEY WERE UNABLE TO ASSIST EACH OTHER IN THE

26  PREPARATION OF AN EFFECTIVE DEFENSE. --AGAIN UNDER THESE CIRCUMSTANCES,THE

27  SIXTH AND FOURTEENTH AMENDMENTS ENTITLE THE DEFENDANT TO A NEW COUNSEL BECAUSE

28                          Pg.15

IRRECONCIABLE CONFLICT

1  BECAUSE TO COMPEL ONE CHARGED WITH A GRIEVOUS CRIME TO UNDER GO A TRIAL WITH

2  THE ASSISTANCE OF AN ATTORNEY WITH WHOM HE HAS BECOME EMBROILED IN IRRECONCIABLE

3  CONFLICT IS TO DEPRIVE HIM OF THE EFFECTIVE ASSISTANCE OF ANY COUNSEL WHAT-SO-

4  EVER, People V. Shankewitz (1982) 32 Cal. 3d 80 94; citing Brown V.Craver (9th

5  Cir.(1970) 424 F.2d 1166,1170.

6  AGAIN JUDGE RUTH ANN KWAN SOUGHT TO UNDERMINE THE DEFENDANT'S COMPLAINT BY

7  HAVING MR.SPERBER ACKNOWLEDGE ON THE RECORD,HOW COUNSELS  'WOUNDN'T LIE AS TO

8  RECEIVING ALL THE EVIDENCE ENTITLED BY LAW".  SHE POSE THE QUESTION TO SPERBER

9  DURING THIS MARSDEN OF APRIL 25,07  Page 25,lines 13-19

10  THE COURT:    'Have you'?

11  MR.SPERBER:   'I BELIEVE I have all the discovery.I recieved a very thick file

12              from Mr.Pentz  (Public Defender) the prior attorney.Everything

13  I got,I photed copyed and gave to Mr.Winn.

14  STANDS TO REASON THAT COUNSEL COULD HAVE EASILY MENTION THOSE WHOM THE DISTRICT

15  ATTORNEY WERE TO CALL AS WITNESSES.HE NEVER DID AND THIS IS IN ESSENCE WHAT THE

16  DEFENDANT WAS COMPLAINING ABOUT.COUNSEL'S LACK OF COMMUNICATION WITH HIM,AND

17  CERTAINLY COUNSEL'S UNFAMILARITY WITH STATEMENTS,REPORTS  HE SUPPOSELY HAD

18  RECEIVED FROM MICHAEL PENTZ,NOT THE DISTRICT ATTORNEY.    THE JUDGE AND COUNSEL

19  RESPONSE AVOIDED THE DEFENDANT COMPLAINT ENTIRELY.THE DEFENDANT WANTED TO KNOW

20  WHO THE D.A. WAS PLANNING ON CALLING,AND WHAT STATEMENTS THEY HAD PREVIOSULY

21  MADE Pg.22,lines 2-7.

22

23  HERE WE ARE ON TRIAL DAY April 25,07  AND THE D.A.MR.MCPHERON IS TALKING ABOUT

24  SUBMITTING A INFORMAL WITNESS LIST TO THE JUDGE'S REQUEST,line 10,Pg.11 AND

25  COUNSEL SPERBER NOT EVEN RECOGNIZING WHAT'S BEEN SAID: NEITHER CARED TO ANSWER/

26  ACKNOWLEDGE THE CONCERNS INTEREST OF HIS CLIENT.

27

28

NELGECTED WITNESSES

1  COUNSEL SPERBER INSIST ON ONLY CALLING WITNESS THAT WERE MENTION IN THE POLICE

2  (DIFFERENT) REPORTS see Reporter's Transcript Page 12,line 10-14, April 25,07

3  THE COURT:     Did you give witnesses statements to the prosecution...of

4                  those witnesses?

5  MR. SPERBER:    These are names that were listed in different police reports

6                  that were prepared ,your honor.

7  THE COURT:    Okay.

8  THE DEFENDANT WAS ADAMANT ABOUT HAVING OTHERS WHO WITNESS THE MARCH

9  3,06 INCIDENT,THOUGH NOT MENTION IN ANY INITIAL POLICE REPORT ETC,

10  BROUGHT FORTH,Reporter's Transcript on Marsden April 25,07 Pg.16,lines 10-25;

11  Page 27,lines 3-5.

12  THE RECORD IS CLEAR: COUNSEL'S REPRESENTATION AS THE DEFENDANT ATTORNEY WAS

13  SYSTEMATICALLY UNDERMINING/ELIMINATING AND FORSAKING THE IMPORTANCE OF THESE

14  WITNESSES AND NOW WITH THE AID OF THE COURT,JUDGE RUTH ANN KWAN.

15

16  MR.SPERBER:    He gave me names.People from L.A.County Jail.I gave them to my

17  Pg.26.lines 3-5    investigator who researched them. These people were either

18  released from jail and they are somewhere out on the street or they were sent

19  to state prison...". (said as if being in prison excluded him from them).

20  COUNSEL SPERBER INVESTIGATOR 'MARSHALL MAYDECK' SUBMITTED NO REPORTS TO HIM,AND

21  CERTAINLY NOT TO THE DEFENDANT (as counsel told the court he did Pg.25,Line 16-20)OF

22  ANY REPORT,WERE AS HE SOUGHT,FOUND,OR ATTEMPTED TO CONTACT,(1)Marcus Kennedy,

23  (2).James Moore, (3).Harold Jackson, (4).Tyrone Hughes,(5).Michael farmer; FROM

24  EITHER THE STREET, COUNTY JAIL OR PRISON. COUNSEL PUT LITTLE EFFORT TO PERSONALLY

25  CONTACT,GATHER STATEMENTS,SUBPOENA THOSE MENTION IN THE POLICE REPORT. HERE IT

26  IS THE FIRST DAY OF TRIAL AND HE HAS NOT ENSURED THEY WOULD BE PRESENT IN COURT

27

28                          Pg.17

1  PUBLIC DEFENDER MICHAEL PENTZ INVESTIGATOR,'JOE ROGERS' LOCATED MOST IF NOT ALL

2  THOSE MENTION BY DEFENDANT,WHO WERE NOT NOTED IN ANY POLICE REPORT.—MR.SPERBER,

3  WHEN TAKING OVER THE CASE,OCT 30,06,DID FAILED TO FOLLOW UP ON THEM: UPTAIN A

4  PLACE OF RESIDENCE FROM THEM,CONTACT,INTERVIEW AND GET STATEMENTS FROM THEM.THUS

5  FAILING TO EFFECTIVELY REPRESENT THE DEFENDANT IN CRUCIAL AREAS OF HIS DEFENSE.

6

7  COUNSEL SPERBER ONLY INTEREST WAS THOSE MENTION IN THE POLICE REPORTS.CERTAIN

8  NOT ANY ONE NAME BY THE DEFENDANT.THUS HE NEVER CONTACTED,NOR STAYED IN CONTACT

9  WITH ANY OF THOSE MENTION BY DEFENDANT.A SIMILAR PROBLEM HE EXPERIENCE WITH MR.

10  PENTZ REPRESENTATION.Reporter's Transcript of Marsden April 25,07 Pg.23,line 25-28.

11

12  MR.SPERBER:   "He gave me names.People from L.A.County Jail,I gave

13              them to my investigator who researched them".Pg.26,lines 3-8.

14  These people were either released...and somewhere out on the street or..state

15  prison...".

16  AGAIN COUNSEL FOCUSING ONLY ON THOSE MENTION IN THE POLICE REPORT,BUT THIS IS

17  A TRIAL DAY,AND EVEN THOSE MENTION IN THE POLICE REPORTS COUNSEL FAIL TO HAVE

18  SUMMON PROPERLY AND BROUGHT BEFORE THE COURT.BUSY IN OTHER MATTERS.

19  THE COURT:     PAGE 26,Lines 9-25   "Okay".

20  THE DEFENDANT: Your Honor.     There is a Tyrone Hughes...and Michael

21              Pentz investigator had contacted him in regards to (this)

22  incident (see Joe Rogers report on Tyrone Hughes) taken a statement from him.

23  and I asked Mr.Sperber,could you make sure  this guy is at the trial...?He's

24  in the state prison,according to Mr.Sperber.And he said that he would call him

25  down here and have him ready for trial".

26

27  THE COURT:    "Mr.Sperber.What do you say to that? Page 26,lines 19-23.

28  NOTE: Eailer Pg.25,Lines 25-26 Sperber  said he had and read the statements.

Pg.18

1    MR. SPERBER:    Thats not true, your Honor. We never had that discussion about

2                   me calling anyone down from state prison or I would have

3    submitted  an order on that.

4    NOTE:  Mr. Sperber already mention the defendant did indeed give him names, and he

5          already admitted in court that some of those names of people were in

6          state prison.

7    DEFENDANT:    I gave him (Sperber) this guy name. (See also Pg.16, line 10,22-23.)

8    THE COURT:    Do you know anything about Tyrone Hughjes ?

9    MR. SPERBER:    There maybe a statement, but I don't recall at this point, your

10                  Honor.

11   HERE WE ARE IN TRIAL AND COUNSEL DON'T RECALL EYE WITNESSES STATEMENTS ON BEHALF

12   OF THE DEFENDANT. SOMETHING THE DEFENDANT ALREADY COMPLAIN ABOUT, SEE Pg.22,18-22,

13   OBVIOUSLY IT WASN'T A MATTER OF CONCERN TO MR. SPERBER NOR SOMETHING HE PLAN ON

14   USING DURING THE TRIAL. HAD IT BEEN ,IT WOULD HAVE BEEN SOMETHING (one) HE READLY

15   RECALL ON DEMAND, AND PLANNED ON CALLING TO THE WITNESS STAND.   BUT COUNSEL HAD

16   NO RECOLLECTION OF THIS WITNESS STATEMENT AND AS SUCH WOULD NOT HAVE SUBMITTED

17   ONE TO THE DISTRICT ATTORNEY AS THE JUDGE INQUIRED OF EARLIER (reporter's Trans

18   scripts page 12, lines 10-13 ) WHEN SPERBER TOLD THE COURT HE SUBMITTED ONLY

19   STATEMENTS FROM PEOPLE LISTED IN THE DIFFERENT POLICE REPORTS.

20

21   THE JUDGE PROBE FARTHER INTO THE DEFENDANT'S COMPLAINT; AND  SUBSEQUENTIALLY

22   SUGGESTIVELY PROVIDE MR. SPERBER A AVENUE TO UNDERMINE THE IMPORTANCE OF THIS

23   EYE WITNESS WITH PREJUDICE

24   THE COURT: But you don't believe, based on what you have reviewed, that it may

25                  be Relevant?

26   THE RECORD IS CLEAR. COUNSEL SPERBER ALREADY ADMITTED TO NOT RECALLING ANY

27   STATEMENT, CERTAINTLY NOT THE CONTENTS THERE OF AS SUGGESTED BY THE JUDGE. THE

28                              Pg.19

1   HE COULD NOT RIGHTLY,IN ALL HONESTY TESTIFY TO THIS. NOR SHOULD THE JUDGE ACCEPT

2   SUCH TESTIMONY AS TRUTH. IT IS A FACT THAT SPERBER NEVER GAVE THE DISTRICT

3   ATTORNEY ANY STATEMENT OF TYRONE HUGHES.YETHERE IS THE JUDGE KWAN URGING HIM TO

4   GIVE TESTIMONY TO SOMETHING HE ALREADY ADMITTED TO NOT RECALLING.

5

6   THE JUDGE WITH GREAT PREJUDICE,WOULD BASE HER DENIAL OF THE DEFENDANTS MARSDEN

7   ON SUCH DELIBRATE INDIFFERENCE    TOWARDS THE DEFENDANT"S QUEST FOR TRUTH,AND

8   COUNSEL'S PERJURED DECEPTIVE TESTIMONY.  THIS PREJUDICE WEIGHING HEAVY ON THE

9   DEFENDANT AS A GREAT UNJUSTICE STRIP HIM OF THE OPPORTUNITY TO HAVE CRUCIAL EYE

10  WITNESSES CALL ON HIS BEHALF,WAS INDEED SANCTION BY THIS COURT/JUDGE. SPERBER,

11  WHEN ANSWERING THE JUDGE'S QUESTION AS TO WHETHER TYRONE HUGHES STATEMENT WAS

12  RELEVANT, RESPONDED BY SAYING "NO".Reporter's Transcript on Marsden April 25,07 Page 26

13  Lines 27-28; Page 27,line 1

14  MR.SPERBER:   "NO".

15  THE COURT:    "OKAY".

16  MR.SPERBER:   MR WINN HAS COME UP WITH DIFFERENT NAMES OF PEOPLE IN

17                 COUNTY JAIL CONTINUALLY.  NONE OF WHOM HAVE BEEN LISTED IN THE

18  POLICE REPORTS.

19  MR.SPERBER:  Lines 18-28,Pg.27,Pg.28.lines1-4   "Well,Anthony Williams and

20  Jason Levine were subponeaed.  Tyrone Hughes,my investigator couldn't contact.

21  THE DEFENDANT: He's in the state Penitentiary,(and) they can't

22                 find him

23  THE COURT:   "and what allegedly,did Tyrone Hughes Say"?

24  THE DEFENDANT: "He said they (the guards) attacked him (the defendant) and

25                 pushed him to the ground".

26  THE COURT:    "Do you have simliar witnesses that would say the same things?

27  MR .SPERBER:   Similiar yes".

28                              Pg.20

1    THE COURT:    "Okay.So Tyrone Hughes would  possibly be cumulative if at all?

2    MR.SPERBER:   "Yes,your honor".

THUS MR.SPERBER WAS PROVIDE BY THE COURT A EXCUSE FOR NOT CALLING THIS WITNESS

3

TO COURT ON BEHALF OF THE DEFENDANT,AS HE ALSO DID NELGECT TO HAVE OTHERS,WHO

4

WERE MENTION IN THE POLICE REPORTS PROPERLY SUBPONEA TO COURT AS WELL.

5

THE DEFENDANT BEGIN TO MENTION OTHERS OF THE FIVE NOT CALL/CONTACTED BY ATTORNEY:

6

THE DEFENDANT: "Michael Farmer says,'they pushed him (Defendant) around.Is

7

8                       that relevant?

9    THE COURT:    "And have you contacted him"?

10   MR.SPERBER:   "I have had my investigator try to contact every name

11                  that he's ever submitted to me,your honor".

THE COUNSEL WAS EVASIVE IN ANSWERING THIS.SAYING HE HAD (TRIED TO),RATHER THEN

12

SUCCESFULLY LOCATING/CONTACTING MICHAEL FARMER,OR NOT.THE RECORD IS CLEAR.THE

13

ATTORNEY SPERBER WAS BUSY IN OTHER MATTERS,ANY ATTEMPT TO FIND THESE WITNESSES,

14          months

AFTER MONTRHS OF NELGECT WAS NELIGENCE ON HIS PART.   THE JUDGE NEVER INQUIRED

15

FARTHER INTO THIS MATTER,BUT BASED HER DENIAL OF THE DEFENDANTS MOTION ON

16

COUNSEL'S UNSUCCESSFUL ATTEMPTS: OVERLOOKING COUNSEL'S INEFFECTIVE ASSISTANCE

17

IN THIS MATTER TOWARDS IMPORTANT ISSUES OF THE DEFENDANT'S DEFENSE.

18

THE COURT:   "Now with respect :to this ONE WITNESS (disregarding the others)

19

20                  that you said is in the state penitentiary,Mr Sperber indicates

21   that he has other witnesses that he was able to get hold of that would say

22   similar things.So obviously,that witness's testimony,if anything,would be

23   CUMULATIVE. I don't find that he is in any way DEFICIENT in representing you.

24   He's done everything you wanted and I'm not going to grant your marsden motion

25   Neither do the investigator repoprts mention (others) making similar statements

26   as Tyrone Hughes who was not SUBPOENA to court. This is a Trial Day and no one,

27   no witnesses was present on behalf of defendant.

28                            Pg.21

Attorney Nelgected Cliet's Interest

1 APRIL 25,07, TRIAL DAY, A MARSDEN HEARING WAS CONDUCTED AND DENIED BY JUDGE

2 RUTH ANN KWAN. THEREIN THE DEFENDANT ESTABLISH HOW COUNSEL SPERBER FAIL TO

3 REPRESENT HIS INTEREST: THE JUDGE WITH SUGGESTIVILY COERCIE WORDS COACH SPERBER

4 RESPONSE TO DEFENDANTS COMPLAINTS WITH GREAT PREJUDICE.THIS WOULD BE DONE

5 REPEATLY.

6 PAGE 15,LINES 18-28  THE DEFENDANT ,IN HOPES OF ENDING THESE PROCEEDINGS

7 WITHOUT A TRIAL,WRITTEN A STATEMENT AND ASK HIS COUNSEL Mr.SPERBER TO DELIEVER

8 IT TO THE DISTRICT ATTORNEY. AGAIN WITH HOPES THE D.A. WOULD BE A RATIONAL MAN

9 OF SOUND MIND WHO WOULD SEE THE ISSUES AS THEY REALLY ACCURRED AND DO THE

10 ETHICAL,MORAL RIGHT THING. MR SPERBER REFUSE TO DO THE INTEREST OF DEFENDANT.

11

12 MR SPEREBER TOLD THE COURT,"He seen no benefit in this.That he had Prior such

13 discussion with the D.A.  and all the D.A. talk about was double digits.That

14 if the defendant decided to testify, and say something contrary to the written

15 statement, (The judge berge in and suggestivily added,perhaps be impeached) and

16 Sperber agreed.  Again the court judge suggestivily added "And you don't belive

17 by showing the D.A. the letter this case is going to get dropped"? (Counsel

18 agreed). The judge continue "And this is what Mr.Winn has been looking for,is

19 to get the case dropped". (Attorney Agreed)PAGE 17,lines 6-24.

20

21 THE DEFENDANT AGAIN CONTESTED THIS RESPONSE BY POINTING OUT (one).COUNSEL HAD

22 NEVER READ THE STATEMENT: (two.) COUNSEL SPERBER NEVER SAT DOWN AND DISCUSS

23 THE STATEMENT WITH HIM: (three.) HE ASK COUNSEL REPEATRLY TO DO THIS: (four.)

24 SO HE COULD DISCUSS WHATEVER MAY BE USE THERE IN AGAINST HIM:  (five.) SO

25 COUNSEL SPERBER'S CONCERNS ABOUT HIM BEING IMPEACH WAS  RATHER A FEAR OF (His)

26 NELGECT BEING EXPOSE FOR FAILURE TO COVER THE POSSIBILITY OF USAGE OF THE

27 STATEMENT Pg.18,lines 13-22

28

Pg.22

1  ATTORNEYS CONDUCT MUST BE CONSISTENT WITH TRUTH IN REPRESENTING A MATTER TO A

2  TRIBUNAL,AN ATTORNEY MUST EMPLOY,FOR THE PURPOSE OF MAINTAINING THE CAUSE

3  CONFIDED TO THE ATTORNEY,ONLY THOSE MEANS CONSISTENT  WITH TRUTH. Rules of

4  professional conduct, rule 5-OO(A). AN ATTORNEY,MUST NOT SUPPRESS EVIDENCE

5  THAT THE ATTORNEY OR ATTORNEY'S CLIENT HAS A LEGAL RIGHT OBLIGATION TO REVEAL,

6  OR TO PRODUCE: Rules of Professional Conduct 5-220; Rules of Ethical Conduct

7  for attorneys  PROHIBIT SUPPRESSION OF EVIDENCE THAT THEY HAVE LEGAL OBLIGATION

8  TO DISCLOSE,Merril V.Superior Court (App.4th Dist 1994,33 Cal.Rptr 2d 515,27

9  Cal.App. 4th  1586.

10

11  AGAIN THE FUDUCIARY RELEATINSHIP MAKES IT IMPROPER FOR AN ATTORNEY TO ACT

12  CONTRARY TO OR ASSUME A POSITION INCONSISTANT WITH THE INTEREST OF A CLIENT.---

13  BY VIRTUE OF THIS RULE AN ATTORNEY IS PRECLUDED FROM ASSUMING ANY RELATION WHICH

14  WOULD PREVENT HIM FROM DEVOTING HIS  ENGERGIES TO HIS CLIENT'S INTEREST. NOR

15  DOES IT MATTER THAT THE INTENTION AND MOTIVE OF THE ATTORNEY ARE HONEST,THE RULE

16  IS DESIGNED NOT  ALONE TO PREVENT THE DISHONEST PRACTIONERS FROM FRAUDULENT

17  CONDUCT,BUT AS WELL TO PRECLUDE THE HONSET PRACTITINER FROM PUTTING HIMSELF IN

18  A POSITION WHERE HE MAY BE REQUIRED TO CHOOSE BETWEEN CONFLICTING  DUTIES,OR BE

19  LED TO AN ATTEMPT TO RECONCILE CONFLICTING INTEREST RATHER THEN TO ENFORCE TO

20  THEIR FULL EXTENT THE RIGHT OF THE INTEREST WHICH HE SHOULD ALONE REPRESET,

21  Anderson V. Eaton (1993) 211 C.113,116,293 P.788; Hammettw V.Mcintyre (1952)

22  11,C.A.2d 715,723,300 P.2d 78.

23

24

25

26

27

28                                 Pg.23

IRRECONCIABLE CONFLICT

IT IS A ABUSE OF DISCRETION FOR A COURT TO DENYY A REQUSET FOR NEW

COUNSEL WHERE THERE IS IRRECONCIABLE CONFLICT BETWEEN THE

DEFENDANT AND HIS ATTORNEY.   A TRIAL COURT'S DENIAL OF A REQUEST

FOR THE SUBSTITUTIOIN OF COUNSEL IS REVIEWED FOR ABUSE OF

DISCRETION (see People V.Jones (2003) 29 Cal.4th 1239,1245);

People V. Marsden (1970) 2 Cal.3d 118,123.

THE APPELLATE COURT CONSIDER THE FOLLOWING THREE FACTORS:

(1).TIMELESS OF THE MOTION,

(2).ADEQUQCY OF THE COURT'S INQUIRY INTO THE DEFENDANT'S COMPLAINT.

(3).WHETHER THE CONFLICT BETWEEN THE DEFENDANT AND HIS ATTORNEY

      WAS SO GREAT THAT IT RESULTED IN TOTAL LACK OF COMMUNICATION,

      PREVENTING AN ADEQUATE DEFENSE;  People V.Smith (2003) 30 Cal.

      4th 581,906-07 (Cititation Omitted),  (adoting the test

utilized by the Ninth Circuit "[o]n direct review of the refusal

to substitute counsel").   THE DENIAL OF A MOTION TO SUBSTITUTE

COUNSEL IMPLICATES THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO COUNSEL".

THIS RIGHT 'MAY INCLUDE THE RIGHT TO HAVE COUNSEL APPOINTED BY THE

COURT DISCHARGED OR OTHER COUNSEL SUBSTITUTED,IF IT IS SHOWN THAT

FAILURE TO DO SO WOULD STANTANTIALLY IMPAIR OR DENY THE RIGHT",

People V.Wiloliams (1970) 2 Cal.3d 894,904 [Cititain Omitted],

Thus [a] defendant is entitled to have appointed counsel discharged

upon a showing that counsel is not providing adequate representation

Or that counsel and defendant have become embroiled in such an

IRRECONCIABLE CONFLICT  that ineffective representation is likley

to result, People V. JOnes Supra,29 Cal. 4th at 1243-46

[Cititain Omitted].          Pg.24/      2 4

1  NOT EVERY DISAGREEMENT BETWEEN A DEFENDANT AND ATTORNEY

2  SUBSTITUTION, see People V.Williams Supra Cal. 3d at 905. BUT THE

3  RESULT IS DIFFERENT WHERE THE CONFLICT CONCERNS MATTERS CRUCIAL

4  TO THE DEFENSE OF THE CASE,HAS ERODED THEIR MUTRAL TRUST,AND HAS

5  CAUSED A BREAKDOWN IN THEIR RELATIONSHIP  THAT THEY WERE UNABLE TO

6  ASSIST EACH OTHER IN THE PREPARATION OF AN EFFECTIVE DEFENSE.

7  UNDER THESE CIRCUMSTANCES.THE SIXTH AND FOURTEENTH AMENDMENTS

8  ENTITLE THE DEFENDANT TO A NEW COUNSEL BECAUSE "TO COMPEL ONE

9  CHARGED WITH A GRIEVOUS CRIME TO UNDER GO A TRIAL WITH THE

10  ASSISTANCE OF AN ATTORNEY WITH WHOM HE HAS BECOME EMBRIOLED IN

11  IRRECONCILABLE CONFLICT  IS TO DEPRIVE HIM OF THE EFFECTIVE

12  ASSISTANCE OF ANY COUNSEL WHAT-SO-EVER", People V. Shankewitz

13  (1982) 32 Cal.3d 80 94 Citing Brown V.Craver (9th Cir (1970) 424

14  f. 2d 1166,1170.

15     IN ASSESSING WHETHER THE DENIAL OF A SUBSTITUTION MOTION HAS

16  VIOLATED A DEFENDANT'S RIGHTS,THE NITH CIRCUIT HAS REPEATLY

17  ADDRESSED THE ISSUE OF  "IRRECONCIABLE CONFLICT"  UNDER THE THIRD

18  FACTION IN IT'S  THREE-FACTOR TEST.  AS NOTED SUPRA THE CALIFORNIA

19  SUPREME COURT HAS EXPRESSILY ADOTED THE NITH CIRCUIT ANALYSIS,AS

20  BEING "CONSISTANT WITH CALIFORNIA LAW UNDER MARSDEN...AND IT'S

21  PROGENCY", People V.Smith, Supra 30 Cal.4th at 606 [Cititation Omitted]

22  People V. Abiez (2007) 41 Cal. 4th 472, 490-91 [Cititation Omitted]

23  THE COURT CASES ARE PARTICULLY INSTRUCTIVE ON THE CONFLICT ISSUE.

24  Court's ruling of Marsden motion neither can be based on the judges personal

25  confidence in the attorney,observation of the attorney's previous courtroom

26  conduct,or ex parte communication with other participates see People V.Hill

27  (1983) 148 CA 3d 744 753,196 CR 382.
                              (PAGE Pg.25

28

GROUND TWO

GUILTY PLEA INDUCE BY COUNSEL INEFFECTIVE ASSISTANCE
PETITIONER'S WAS CONVICTED ON THE BASIS OF A GUILTY PLEA THAT
WAS THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOPLATION OF
PETITIONER'S 5th AMENDMENT DUE PROCESS RIGHT.See H 11 V.Lockhart 474 U.S. 52
(1985)

A Plea is VALID if the record Affirmatively shows that it is VOLUNTARY AND
Intelligent under the TOTALITY OF CIRCUMSTANCES. In this case it is NOT.See
reporter's Transcript PaGE 330,LINES 16-28; Page 331,line 28,thur Pg.332 lines
1-8; Page 333,Lines 11-18,25-28; Page 334,lines 1-28; 335,line 1

THE DEFENDANT EXPRESS ENORMOUS RELUCTANCE,CONCERNS DURESS IN HAVING TO
EXCEPT A PLEA DEW TO COUNSEL'S NELGECT,CONFLICT OF INTEREST. AND THE JUDGE'S
THREATS OF LIFE IN PRISION ( ). THE RECORD
DURING THE PLEA CLEARLY EXPRESS THIS BY THE DEFENDANT AND REACTION OF THE JUDGE.

The defendant sught to END these matters WITHOUT the need for A Trial,
never wanted to go to trial. All through these preceeding sought counsel to
(one) Quickly resolve these preceeding without a Long drawn out process and
need for a trial; (two) Illuminate the fact that he Never cut Jorge Valencia
with a Knife; and (three) He(James William Robinson) is the REAL VICTIM IN
THIS MATTER. The record is clear,shows the defendant had GREAT RESERVATION
about having to Plead Guilty in this case.( ).

The defendant wanted to plead no contest, at a lost with counsel's
representation in defending him against the allege chagwes. The
Defendant still insist on giving his statement to the District Attorney.
Something he was adamant upon doing all the long. In Hopes of ending these
preceeding without a need for a trial ( ).

The court kept the presure on the defendant. Telling him it "Won't
make a difference'. reminding the defendant (again) that he is ACTULLY
FACING LIFE BECAUSE OF HIS PRIORS ( ).

When ask do he give up his rights, the defendant says,
" IN LIGHT OF MY ATTORNEY NOT BEING ABLE TO REPRESENTME TO HIS FULL

1  ABILITY,I WOULD LIKE TO DO ALL THOSE TRHNGS", see Offical Reporter's Transcrip,

2  Page 330,lines 12-21. -----The Court: "I'm Sorry"?-----The Defendant: "IN LIGHT

3  OF MY ATTORNEY NOT BEING ABLE TO REPRESENT ME TO HIS FULL ABILITY,I WOULD LIKE

4  (to) DO ALL THOSE THINGS".------THe court then express it's unwillingness to

5  accept such 'A PLEA LIKE THAT',Page 330,lines 24. Farther telling the

6  defendant  He is going to have to except the plea "Because it's in (his) best

7  interest lines 24-26.  DEFENDANT HAVING ALREADY BEEN THREATEN BY THE COURT OF

8  FACING LIFE,ALONG WITH BEING CORRAL AND PROMBT CONSTANTLEY IN OPEN COURT TO

9  MAKE A DEAL (see Court Reporter's Transcript Page 41,lines26-28; 42,lines1-21),

10  TOLD THIS JUDGE KWAN, "IT IS IN MY BEST INTEREST"Line 27,Offical Reporter Page

11  330.------Again this court judge Kwan says that she "Cannot have an EQUIVOCAL

12  waiver of rights Pg.331,lines 28.----- Farther admonishing,presuring the

13  defendant by sayiny, "It's up to you.You don't have to,we can continue with the

14  jury selection.The question is do you wish to give up all those rights...all

15  your constitution rights" Page 331,lines 1-5.-----DEFENDANT RESPONDED BY SAYING

16  "ABSOLUTELY" line 6. Never advice by counsel of the magnitude of what this mean,

17  implies , ALL HIS CONSTITUTION RIGHTS.---The Judge,after hearing the defendant

18  affrim "YES"  to her stripping him of every constitution rights,sort to shelter

19  her over-bearing authority/influence by asking the defendant "Did he have

20  sufficient time to discuss this case and rights with his attorney"?

21      THE RECORD IS CLEAR.THE RECORD SHOWS THAT THE DEFENDANT COMPLAIN REPEATLY

22  ABOUT NOT BEING ABLE TO TALK,DISCUSS NUERMOUS ISSUE OF THIS CASE WITH COUNSEL;

23  A-8,lines 15-20; A-9,lines 18-23; B-22,lines 26-28; B-23,lines 1-3; A-11,lines

24  3-6; B-5,14-15; B-10,lines 10-16; etc.etc..the number of marsden hearing bare

25  witness to that fact.----TO THE JUDGE QUESTION THE DEFENDANT ANSWER "NO" TO

26  having discussing the case,and his rights. ----Again Judge Kwan express her

27  concerns,doubts about defendant entering a plea.

28                                     Pg.27

1    THE COURT:   "Well, you know what,  then I don't think I should

2                 take your plea".

3    SHE THEN ALLOW THE DEFENDANT A MOMENT OFF THE RECORD TO SPEAK WITH

4    ATTORNEY. COMING BACK ON RECORD, SHE ASK THE DEFENDANT HAD HE

5    SUFFICIENT TIME TO SPEAK AND DISCUSS ANY POSSIBLE DEFENSE,See

6    Official Reporter's Transcript,April 25-26,2007, Page 332,lines

7    13-14.            CONSIDERING THE ISSUES THE DEFENDANT WAS

8    COMPLAINING ABOUT PREVIOUSLY DURING THE MARSDEN THAT WAS WRONGLY

9    DENIE BY THE JUDGE,THE DEFENDANT HAD NO DEFENSE.   STILL TO THE

10   JUDGE'S QUESTION THE DEFENDANT ANSWER "YES".

11

12   THE COURT:   "Are you pleading to the charge freely and Voluntarily

13                because it is in your best interest to do so? Offical

14   Reporter's Page 333,lines 11-18, April 25-26 2007.  THE DEFENDANT

15   ANSWER (similiar to before).

16   THE DEFENDANT: "IT IS IN MY BEST INTEREST RIGHT NOW YES".

17              INSINUATING IN LIGHT OF ALL THAT'S BEING HAPPENIN,

18   THE DENIL OF THE MARSDEN AND ALL THAT ENTAILS OF COUNSELS DERELICT,

19   CONFLICT OF INTEREST,NEGLECT,ETC. AND THE JUDGE's THREATS OF A

20   LIFE SENTENCE   "YES".   THE JUDGE UNDERSTOOD THE DEFENDANT ANSWER

21   PERFECTLY  AND POSE THE OBVIOUS,UNMENTION QUESTION:

22   THE COURT: "Because what" ?

23              THE DEFENDANT RESPONDED,SAYING THE SAME THING.

24   THE DEFENDANT: "IT IS IN MY BEST INTEREST RIGHT NOW, YES".

25              AFTER HEARING SUCH RESOLVE RELUCTANCE IN HAVING TO

26   ACCEPT A PLEA, THE JUDGE SAID  "OKAY".    NOWING THE DEFENDANT

27   HAD ISSUES ABOUT THESE PRECEEDING,YET THE JUDGE REFUSE TO DO THE

28                             Pg.28

1   ETHICAL THING FOR WANTING TO BE DONE WITH THIS CASE FROM HER COURT

2   ROOM, (See B-40,line 24). IN A RUSH TO GET A CONVICTION. WHEN THE

3   JUDGE ASK THE DEFENDANT   "Did he have any question about these plea

4   bargaining preceeding's,  THE DEFENDANT EXPRESS AGAIN HIS DESIRE

5   TO KNOW WHETHER THE D.A.  HAD A CHANCE TO SIT DOWN AND REALLY WEIGH

6   THESE MATTERS OUT CAREFULLY, LOOK AT THIS CASE THOROUGHLY: See

7   Official Reporter's Transcript,Page 333,lines 25-28,April 25-26,08.

8

9   THE COURT: "No". Page 334,lines 6-9. THE JUDGE SAID THIS TWICE.

10           THEN THE JUDGE RUTH ANN KWAN 'AGAIN' EXPRESS HER

11   CONCERNS/DOUBTS AS TO IF SHE SHOULD ALLOW THE DEFENDANT TO ENTER

12   A PLEA, Page 334,lines 9-11.

13

14   THE COURT: "No". "I'm  going to tell you right now.I'm giving you

15           an answer  to what you just said. I don't think that

16   you should enter into this plea in the hopes...the D.A. is going

17   to do anything new or...give you a more favorable treatment..lines

18   24-25. "I have to tell you  that <u>they are not going to revisit</u>

19   this case.  If you think that by giving them the letter <u>they are</u>

20   <u>going to revisit this </u>and you're going to get more favorable

21   treatment,I would suggest that you don't do it".

22     SURELY IT WAS IN THE DEFENDANT'S MIND TO HAVE THE D.A. RIGHTLY

23   WEIGH AND RENDER JUSTICE IN THIS MATTER.  SURELY UNBE KNOWN TO THE

24   DEFENDANT, WHEN HE ENTER THESE NEGOIATIONS, THE DISTRICT ATTORNEY

25   AND APPARENTLY THE JUDGE HAD ISSUES REGARDING VICTIM'S ONE ALLEGE

26   STATEMENT ABOUT BEING ASSULTED WITH A KNIFE AS WELL: Official

27   Reporter's Transcript of April 25-26,2007 page 328,lines 19,-28;

28               Pg.29

1   PAGE 335,lines 10-15.   SURELY IT WAS THE DEFENDANT HOPE TO HAVE

2   THESE MATTERS RIGHTLY WEIGHED, ESPECIALLY SINCE THE DISRTICT

3   ATTORNEY WHOLE CASE WAS ESTABLISH UPON VICTIM'S ONE'S TESTIMONY.

4   IF THE COURT HAD ISSUES WITH VICTIM'S ONE'S TESTIMONY, SURELY THEY

5   OUGHT TO HAVE ISSUES WITH VICTIM'S TWO TESTIMONY; WHO'S REPORT

6   SHADOW VICTIM ONES. ROBERT FERNANDO GAVE A STATEMENT TO POLICE

7   TOTAL CONTRARY TO HIS INCIDENT REPORT HE SUBMITTED TO THE SAFTY

8   INFORMANTION CENTER,WEINGART CENTER.COUNSEL KNEW THIS AND ACCORDING

9   TO JUDGE RUTH A KWAN,SO DID SHE AND THE DISTRICT ATTORNEY,WHO HAD

10   SUCH DISCUSSIOIN  IN HER PRESENCE: B-39, lines 1-21, Rep.Trans.

11   (See Incident report of Fernando  Robert,in contrast to police report).

12   THE DEFENDANT SOUGHT THE COUNSEL REPEATLY TO REVEAL THE CONTRIDICTORY

13   REPORTS TO THE COURT,AS HE MENTION DURING THE MARSDEN.

14

15   THE COURT ASK DEFENDANT DID HE NEED ADDITIONAL TIME TO SPEAK WITH

16   ATTORNEY BEFORE (she) TOOK (his) PLEA Pg.335,lines 17-24. IN LIGHT

17   OF ALL THE JUDGE SAID AND DONE,   THE DEFENDANT RESPONED SAYING

18   "NO" SHAKING HIS HEAD,TO WHICH THE COURT ACKNOWLEDGE AS NO. THE

19   COURT FOUND THE DEFENDANT EXPRESSLY,KNOWINGLY AND INTELLIGENTLY

20   WAVIED HIS CONSTITUTIONAL RIGHTS.  HS PLEA (as) FREELY AND

21   VOLUNTARILY MADE WITH AN UNDERSTANDING OF THE NATURE AND CONSEQUENCES

22   THEREOF:  Official Reporter's Transcripts Page 336,lines 16-21;  ACCEPTED

23   THE DEFENDANT'S PLEA AND FOUND HIM GUILTY ON THE BASIS OF HIS PLEA,RATHER THEN

24   THE COERCE THREATING WORDS OF THE JUDGE AND THE INEFFECTIVE ASSISTANCE/CONFLICT

25   OF INTEREST OF COUNSEL, WHO THROUGH OUT HS REPRESENTATION OF DEFENDANT,

26   PRESENTED HIS OWN INTEREST RATHER THEN THE INTEREST OF HIS CLIENT.

27

28                              Pg.30

1   A DEFENDANT HAS CONSTITUTIONAL RIGHTS TO BE FREE OF DURESS AS HE PLEAS TO

2   CRIMMAL CHARGES AND HIS FAILURE TO SEEK  RELIEF IN TRIAL COURT  DOES NOT

3   ACCOMPLISH WAIVER OF THAT RIGHT...Unites States Rel.Elkins V. Gilligan S.D.

4   N.Y. (1966) A TRIAL COURT MAY NOT BECOME INVOLVED IN PLEA NEGOTIATINS TO THE

5   EXTENT THAT THE JUDGE COERCE A GUILTY PLEA,  People V. Sandoval

6   (2006) 140 Cal. App. 4th 111,123-125,43 Cal. Rptr 3d 911.

7        EIGHT MONTHS LATER: LONG AFTER ATTORNEY M.PENTZ (Himself) HAD

8   DONE DECLARE A CONFLICT OF INTEREST WITH THIS CASE AND DISMISS BY

9   JUDGE KWAN,  THE WEIGHT OF HIS DERELICTION,ASSISTANCE ETC. WOULD

10  STILL BE WEIGHING HEAVY UPON THE DEFENDANT AND HAMPERING HIS

11  DEFENSE: COERCEING HIM TO PLEA OUT THE CASE.

12

13       SUMMARY OF PENTZ ASSISTANCE AND INVESTIGATIVED REPORTS

14  MR. PENTZ INVESTIGATOR, JOE ROGERS SUBMITTED A REPORTS TO MR.PENTZ

15  WELL OVER A MONTH PRIOR TO OCT,13,06. SINCE THEN THERE WAS NO

16  MENTION OF A 'POSSIBLE EXISTING CONFLICT'.  HIGHLY SPECLATIVE,

17  THAT NO WARRANT CONFLICT EXISTED.RATHER MR.PENTZ HAVING GROWN

18  FRUSTRATED WITH THE CASE USE SUCH MEANS TO BE RELIEVED.MR.PENTZ

19  HAD ALREADY TOLD THE COURT THAT HE HAD SUCH REPORTS PRIOR TO THE

20  PRE-LIM. AND APPARENTLY HE SPOKE PERSONALLY WITH THE INDIVIDUAL

21  WHOM SUPPOSLEY HE HAD A CONFLICT WITH,BECAUSE HE TEELS THE COURT

22  SEPT 20,06 HE SUBPOENA A TYRONE HUGHES (see Reporter's Transcripts

23  Page B-25,lines 14-28, WAS TO BE BOLD IN THIS MATTER.

24       IF THERE WAS A HONEST CONFLICT,IT SERVE MORE TO HARM THE

25  DEFENDANT IN EITHER WAY.IF THERE WERE,THE NATURE OF

26  THE PUBLIC DEFENDERS OFFICE MAKING INQUIRIES OF MR. HUGHES  TO

27  ASSIST IN THIS MATTER COULD HAVE UNPRECEDENTED PREJUDICAL DEFECTS

28                              Pg.31

1  TOWARDS THE DEFENDANTS DEFENSE.  IF THERE WEREN'T ANY CONFLICT

2  OF INTEREST, COUNSEL'S MALNIPILTIVE BEHAVIOUR COST THE DEFENDANT

3  TIME AND WASITED EFFORT TO FARTHER GATHER EVIDENCE FROM PRESENT

4  WITNESS DR.JASON LEVINE,WHO WAS PRESENT IN COURT THE DAY MR.PENTZ

5  DECLARE A CONFLICT AND WAS DISMISS BY THE JUDGE Kwan.

6

7  THUS MICHAEL PENTZ WAS RELIEVE AS THE DEFENDANT ATTORNEY AFTER

8  HAVING REPRESENTED HIM SEVEN MONTHS.   MR.PENTS FAIL TO ACCOMPLISH:

9  * NEVER QUESTION JASON MITCHEL ABOUR SEEING DEFENDANT WITH A KNIFE.

10 * NEVER QUESTION DASHUN KNOXS,JASON LEVINE,ROBERT FERNANDO,ABOUT

11   INCIDENT OR SEEING DEFENDANT YIELDING A KNIFE.

12 * NEVER UPTAIN A COMPLETE LIST OF EMPLOYEES NAMES (possible wit'ss)

13   AT LEVEY CENTER FROM VALIRE LEWIS,THE DAY OF THE INCIDENT.

14 * NEVER MADE ANY TIMELY INQUIRY/INVESTIGATION OF ANY WITNESSES.See dates

15 * NEVER QUESTION SECURITY GUARDS WHY THEY BRING DEFENDANT INTO LEVEY CENTER.

16 * NEVER INQUIRED OF POLICE/PARAMEDICS ABOUT DEFENDANT'S STATEMENT/APPERANCE.

17 * NEVER UPTAIN PHOTES OF THE AREA.

18 * NEVER DISCLOSED ALL THE D.A. EVIDENCE/WITNESSES TO DEFENDANT AS REQUEST.

19 * DISREGARDED THE USE OF THE POLICE REPORT IN THIS MATTER.

20 * NEVER HAD THE KNIFE EXAMINE FOR PRINTS,NOR CLOTHS FOR WHO'S BLOOD THERE ON

21 * NEVER INQUIRED WHETHER VICTIMS HAD A CRIMMAL HISTORY/VIOLENT BEHAVIOUR ETC.

22 * NEVER RESEARCH MEDICAL TREATMENT GIVEN TO VICTIMS.

23 * NEVER QUESTION VALERIE LEWIS NOR BETTY ARISTON ABOUT INCIDENT.

24 * MR.PENTZ WRONGLY TELLS THE COURT,VICTIMS ARE CLAIMING DEFENDANT CUT (THEM).

25 * WRONGLY TELLS THE COURT,NO POLICE OFFICER WAS INVOLVE AT THE MAY,17 pre-LIM.

26 * WRONGLY TELLS THE COURT,JASON MITCHEL SAID'THE DEFENDANT ATTACK THE GUARDS

27   UNPROVOKED

28                     Pg.32

1   * MR.PENTZ WRONGLY TELLS THE COURT HIS INVESTIGATION WORK WAS DONE WELL BEFORE

2     THE MAY 17.2006 PRE-LIM.

3   * NEVER DID SET DOWN AND GO OVER THE DEFENDANT'S STATEMENT WITH HIM.

4   * NEVER DID TURN OVER HIS INVESTIGATION WORK TO COURT AS DEFENDANT REPEATLY ASK.

5   * RATHER COUNSEL PENTZ CONTINUE TO PRESENT A HOSTILE ATTITUDE TOWARDS THE

6     DEFENDANT,(to which the court egnored) AND SUCH ATTITUDE SURELY EFFECTED HIS

7     RELATIONSHIP WITH THE DEFENDANT,AND THEIR MEANS TO WORK TOGETHER ON HIS DEFENSE.

8   * PENTZ CONTINUE THROUGH-OUT HIS REPRESENTATION OF DEFENDANT KEPT URGING HIM

9     TO ACCEPT A PLEA, AS THE JUDGE INDICTED AFTER DENINING THE MARSDEN.

10

11  WHEN APPOINTED BY THE COURT 'LAWERANCE SPERBER WOULD INDEED CONTINUE TO

12  REPRESENT THE DEFENDANT IN THE SAME DERELICTIVE MANNER.HIS REPRESENTATION

13  BEGIN OCT.30,06  through out APRIL 26,2007.

14

15  THE SEPT 20,06 MARSDEN HEARING ENDED AND ON SEPT. 26-06 THE

16  DEFENDANT WAS AGAIN IN JUDGE KWAN COURT ROOM. DR.JASON LEVINE,

17  BETTY ARISTON AND MICHEL FARMER WAS PRESENTED AS MR.PENTZ SAID HE

18  SUPBOENA THEM TO BE (B-16,lines 20-23. COUNSEL WAS SUPPOSE TO

19  QUESTION THEM IN OPEN COURT,(a pre-trial conference) ABOUT THEIR

20  OBSERVATION OF THE MARCH 3.2006 incident.

21

22  SEPT.25.2006 COUNSEL PENTZ ARRIVED LATE FOR COURT,AND NEVER CALLED

23  UPON WITNESSES JASON LEVINE,BETTY ARISTON ETC. TO SHARE THEIR

24  OBSERVATION OF THE MARCH 3,06 INCIDENT.INSTEAD OF

25  HEARING FROM WITNESSES,OR ADVISING DEFENDANT OF HIS INTENTION HE,

26  PETITION THE COURT FOR ANOTHER CONTINUANCE UNTI OCT,30,06, (see

27  Minute Order Page 50-53,Clerks Transcript on Appeal.

28                                  Pg.33

1  BEFORE OCT,30,06  ON OCT,13,06 THE DEFENDANT WAS SUMMON TO COURT.

2  UNKNOWN TO DEFENDANT, COUNSEL PENTZ INFORM THE COURT THAT THE

3  PUBLIC DEFENDERS OFFICE WAS DECLARING A CONFLICT AT THIS POINT

4  BECAUSE OF WITNESSES INVOLVED IN THIS CASE': (See Reporter's Tr.

5  Of oct,13,06 Page C1,lines 17-28.

6  THE COURT: "Now this is a witness that's defense is definitely is

7          going to call".

8  MR.PENTZ : "Yes, Absolutely necessary witness".

9  DURING THE COURSE OF THIS CONVERSATION,(lines 24-27) THE CONFLICT

10 WENT FROM WITNESSES (Plural) TO WITNESS (Singular) ONE WITNESS.

11 THE DEFENDANT CAME TO UNDERSTAND THIS WITNESS WAS TYRONE HUGHES:

12 (See his statement given to Pentz Investigator Joe Rogers 8/25/06).

13 THE COURT RELIEVE MR PENTZ AS DEFENDANT ATTORNEY WITHOUT FARTHER

14 INQUIARY C2,lines 2-3. THE COURT THEN APPOINTED MR.WAIMRIN FROM

15 THE ASSIOCATE PUBLIC DEFENDERS OFFICE TO REPRESENT THE DEFENDANT.

16    ACCEPTING APPOINTMENT, MR WAIMRIN ENTER A DIALOGE WITH

17    THE COURT AND D.A. MR.WALLACE,IMREGARDS TO THE OCT,30,

18    COURT DATE. INDICATING HE OR ANY OTHER ATTORNEY ASSIGN

19    BEFORE OCT,30 WOULDN'T BE READY BY THEN. HE THEN ASSURED

20    THE COURT,THAT IF THE DEFENDANT REFUSE TO WAIVE TIME BY

21    THEN,HE WOULD WRITE UP A 1050; CONFIDENT THE COURT WOULD

22    FIND GOOD CAUSE AT THAT TIME.THE D.A.WALLACE,CONFORTABLE

23    WITH THIS SAID, he "Understood realistically it's not

24    going to go to trial". MR.WAIMRIN AGREED. THEN THE JUDGE

25    TOLDDEFENDANT WHOEVER BECOME HIS NEW ATTORNEY,HE NEED TO

26    GIVE HIM TIME TO GET UP TO SPEED ON THIS CASE, C3,Lines

27    8-28, through C4-lines 1-21.

28                      Pg.34

1  THE DEFENDANT FELT PRESURED AND COMPLAIN ABOUT ALL THESE PRECEEDING

2  THROUGH A LETTER TO JUDGE RUTH ANN KWAN,(See defendant letter),

3  THAT COUNSEL PENTZ WAS MANIPULATING THE COURT PROCESS,AND THE

4  COURT WAS FORCING HIM TO CONSENT; STRIPPING HIM FARTHER OF THE

5  OPPORTUNITY TO GATHER EVIDENCE FOR HIS DEFENSE FROM EYE WITNESSES,

6  (Levine Etc.), MAKING IT IMPOSSIBLE FOR HIM TO RECEIVE A FAIR

7  TRIAL,ETC.

8

9  ON OCT,30,06 THE JUDGE ACKNOWLEDGE RECEIVING THE LETTER AND

10 INTREPUTED IT AS A PETITION FOR RELIEF. Note at this hearing also

11 Mr.Waimrin office the (APD) also declared a conflict of interest

12 and was relieved as defendant attorney by the judge.A Mr Laweranc

13 Sperber was then appointed to represent the defendant (see D-1,lines

14 11,28 to represent defendant.

15

16 Judge Kwan indicated,because the defendant was represented by attorney at all

17 times,any motion must come from his lawyer,and that the defendant's motion

18 complain about time delay and delay,and the conflict that was

19 declared by the public defender's office.

20

21 THE DEFENDANT FARTHER EXPRESS CONCERNS THAT THE COURT LIFT. HIM

22 WITHOUT PROPER REPRESENTATION.AND HAD THE COURT RETURN THE

23 DOCUMENT AS DEFENDANT REQUESTED,THE NEWLY APPOINTED ATTORNEY,MR.

24 SPERBER MAY BE SO INCLINE TO RE-SUBMIT IT ON HIS BEHALF.

25

26 The Judge refuse,saying the letter was filed with the court so it stays in the

27 court file.telling defendant that she don;t want to get into any Legal decision with

28 him, D3-,lines 14-28                Pg.35

1  OCT.30,2006 THE COURT APPOINTED LAWERANCE SPERBER AS DEFENDANT ATTORNEY:

2  SET A PRETRAIL DATE FOR DEC.5,6:  RECOGNIZE SPERBER THREE WEEK VOCATION TIME,

3  RETURNING JAN 18,06: AND ACKNOWLEDGE SPERBER WOULD'T BE AVAIABLE FOR TRIAL UNTIL

4  JAN -FEB.              ON DEC.5,06 DEFENDANT NEVER WAS PRESENT IN COURT

5  ROOM.CASE CONTINUE UNTIL JAN.18,07:     1-22-07 CASE CONTINUE

6  UNTIL 2,28,07, AT WHICH TIME THE COURT WAS INFORM BY COUNSEL THE

7  DEFENDANT REQUESTED A MARSDEN HEARING. THE COURT INQUIRED AND THE

8  DEFENDANT DECLINE WANTING COUNSEL TO BE RELIEVE...BUT VOICE HIS

9  CONCERNS AS TO THE PRECEEDING'S GOING NO WERE,AND WITNESSES NOT

10 BEING CONTACTED BY SPERBER.      THE JUDGE,UPON HEARING THE

11 DEFENDANT DENIED IN WANTING TO RELIEVE ATTORNEY,DISREGARDED HIS

12 CONCERNS AND PROMBTLY CLOSE THE HEARING, Reporter's Transcripts of

13 Marsden,Feb.28,08 Vol. 2,Pages E3-E4,Inclusive.

14    MARCH 28,07 ATTORNEY L.SPERBER AGAIN CONVINCE THE COURT OF

15 ANOTHER CONTINUES UNTIL April 16,07. THE COURT ACKNOWLEDGE COUNSL

16 WAS STILL ENGAGED IN ANOTHER TRIAL ,GRANTED HIS CONTINUENCE UNTIL

17 4,24,07; AND TRANSFERED THE CASE TO DEPT.100.      4,24,07  THE

18 DEFENDANT WAS HELD IN LOCKUP,WHILE BEING REPRESENTED IN COURT BY

19 A CURT LEFTWICH,COUNSEL SPERBER BEING ABSENT,(supposely engaged

20 in another matter). LEFTWICH PRESENTED WRITTEN MOTION ON BEHALF

21 OF SPERBER FOR CONTINUE UNTIL APRIL 25,07.      APRIL 25,07 the

22 CASE SENT BACK TO DEPT.115 for trial,parties announce ready.

23

24

25

26

27

28                          Pg.36

GROUND THREE

GROUND THREE

JUDGE'S ABUSE OF DISCRETION

"A CRIMINAL DEFENDANT TRIED BY A PARTIAL

JUDGE IS ENTITLED TO HAVE HIS CONVICTION SET

ASAIDE,  NO MATTER HOW STRONG THE EVIDENCE

AGAINST HIM". Edward V. Balisok 520 U.S.  641

647 (19997.  "BIASED TRIAL JUDGE IS STRUCTURAL

[ERROR], AND THUS  [IS] SUBJECT TO AUTOMATIC

REVERSAL'. Neder V. U.S. 527 U.S. 1,8 (199)

1   THE RECORD SHOWS THAT COUNSEL SPERBER

2   NEVER CONSIDER HOW HIS CLIENT FELT THE JUDGE RUTH ANN KWAN WAS

3   INDEED PREJUDICE TOWARDS HIS INTEREST,AND DESIRED TO HAVE THE

4   MATTER TRIED ELSEWHERE, Reporter's Transcript April 25,07,Pg.2,

5   lines 23-28, Pg.3,lines 1-23

6   THE COURT: All right.  The matter is here for trial.Let's discuss some trial

7            Issues here.   I understand that -- you've indicated that you do

8   not want to file 170.6,but your client does.

9   MR.SPERBER:   That's correct your honor.

10  THE COURT:    MY reading of the law is that this is not an area in which your

11            client can dictate. This is an area where you (Attorney) make

12  the decision. It's unlike the right to testify,his desire to testify.......".

13  MR.SPERBER:   RIGHT

14  THE COURT:    But trial strategy,including whether to file 170.6 is an

15            attorney decision. You indicated to me --you're indicating to

16  the court that you do not wish to file 170.6 .

17  MR.SPERBER:   That's right,your honor.

18  THE COURT:    And in any event,even if one were filled now by your client,

19            it's untimely.

20  MR.SPERBER:   Well,the only thing I would say to that,your honor,is

21            because I arrived in department 100 late,I did not

22  speak to Mr.Winn before the case got assigned here....".

23  THE COURT:    Well,unfortunately,it's still an attorney decision

24  and you would not have filed a 170.6 and you're still not fillig

25  one. So we're going to proceed with trial.

26  THE FIBUCIARY RELATIONSHIP MAKES IT IMPROPER FOR AN ATTORNEY TO ACT CONTRARY TO

27  OR ASSUME A POSITION INCONSISTANT WITH THE INTEREST OF A CLIENT.

                              Pg.38

28

1  BY VIRTUE OF THIS RULE AN ATTORNEY IS PRECLUDED FROM ASSUMING ANY RELATION

2  WHICH WOULDPREVENT HIM FROMDEVOTING HIS ENERGIES TO HIS CLIENT'S INTEREST.

3  People V.Bonin (1989) 47 C.3d 808,833,254 C.R. 298,765 P.2d 460; People V.

4  DaNCER (1996) 45 C.A.4th 1677,1685,53 C.P.2d 282 infra §1887.

5  THE RECORD IS CLEAR: COUNSEL SPERBER SOUGHT HIS OWN INTEREST RATHER THEN THAT

6  OF HIS CLIENTS,NOR HAD HE SPOKE TO HIS CLIENT .        §170.6 "Prejudice against

7  party,attorney or interest thereof; (a) (1) No judge,court commissioner,or

8  referee of any superior court of the State of California shall try any civil

9  or criminal action or special proceeding of any kind or character nor hear any

10 matter therein that involves a contested issue of law or fact when it shall be

11 established as provided that the judge or court commissioner is PREJUDICED

12 against any party or attorney or the interest of any party or attorney appearing

13 in the action or preceeding.    (2).Any party to or any party or attorney

14 appearing in any***action or proceeding may establish this prejudice by ORAL

15 or written motion without notice supported by affidavit or declaration under

16 penalty of perjury or an oral statement under oath that the judge,court

17 commissioner,or referee before whom the action or proceeding is pending or  to

18 whom it is assigned is prejudiced against any*** party or attorney or the

19 INTEREST of the party or attorney so that or attorney cannot or BELIEVE that he

20 or she cannot have a fair and impartial trial or hearing before the judge,

21 court commissioner,or referee.

22 THIS IS ABUSIVE JUDICAL  DISCRETION AND INEFFECTIVE ASSISTANCE OF COUNSEL TO

23 BALANTLY DISREGARDED THE OBJECTION OF THE DEFENDANT,CLEARLY ON RECORD. THE

24 DEFENDANT CONVICTION OUGHT TO BE SET ASIDE IN LIGHT OF THIS JUDICAL ERROR.ANY

25 SUPERIOR COURT POLICY OR PRACTICE THAT IS IN CONFLICT WITH SATUTORY PROVISION

26 REGARDING THE TIME DURING WHICH A AFFIDAVIT TO DISQUALIFY A JUDGE MAY FILES

27 IS VOID.

28                                  Pg.39

1   THE ATTORNEY/CLIENT FUBUCIARY RELATIONSHIP WAS SEVERLY DAMAGE. COUNSEL NEVER

2   COUNSEL DEFENDANT WEEKS PRIOR TO THE DEFENDANT BEING USHERED INTO TRIAL. See

3   Reporter's Transcript Page 25,lines 7-9 April 25,07

4   MR.SPERBER:  Your honor I have not checked with the county jail...I have been

5                in trail (in another matter) for the last two weeks.  NOTE: THIS

6   IS TRAIL DAY FOR DEFENDANT. COUNSEL ADMITS FARTHER OF NOT SPEAKING WITH HIS

7   CLIENT PRIOR TO OR AFTER THE CASE WAS ASSIGNED TO THIS PARTICULAR  COURT ROOM,

8   WERE HE ALREADY EXPRESS THE JUDGE'S RUTH ANN KWAN PREJUDICE TOWARDS HIS

9   INTEREST.

10  MR.SPERBER: "We'll,the only thing I would say to that,your Honor,

11               is because I arrived in department 100 LATE,I did not

12  speak to Mr.Winn before the case got assigned here.I did not speak to him...".

13  COUNSEL HAD NOT SPOKE TO DEFENDANT ABOUT MANY ISSUE OF THE CASE.ISSUES LIKE

14  (1). [DEFENDANT CLOTHING]  THE DEFENDANT EXPRESS INTEREST TO WEAR HIS OWN

15       PERSONAL CLOTHING TO TRIAL.COUNSEL NELGECTED THIS ISSUE UP UNTIL THIS

16  DAY,IN WHICH WITH THE JUDGE'S INFLUNECE, FORFIETED THE INTEREST OF THE CLIET,

17  IN FAVORING OF WEARING CLOTHS FROM THE PUBLIC DEFENDERS OFFICE INSTEAD. SUCH

18  PRESURE WEIGHED HEAVY ON THE DEFENDANT,HIS INTEREST AND DEPRIVE HIM OF PRIVATE

19  CONSULTATION,AND EFFECTIVE ASSISTANCE OF COUNSEL. Reportes's Trancsript April

20  25, Page 1,lines 18-25,Page 2,lines 1-8,Page 39,lines 16-25

21  MR.SPERBER:  "Mr.Winn..indicated to me in the past..he wants to wear his own

22               CLOTHING from the jail...and apparently his clothing wasn't

23  sent here todat.

24  THE COURT:   DId I signed a n order to have it sent?

25  MR.SPERBER:  I didn't know I need one

26  THE COURT:   Yeah you do they don't just bring them.

27  MR.SPERBER:  I'm SORRY Your Honor.

28                              Pg.40

1
2
3
4
5
6
7
8                          GROUND FOUR
9       PETITIONER'S PLEA WAS THE RESULT OF
10      UNCONSTITUTIONAL COERCION IN VIOLATION OF
11      PETITIONER'S 5th AMENDMENT DUE PROCESS
12      RIGHT. See mabry  V. Johnson 467 U.S (1984)
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                          Pg.41

1   AFTER THE COURT DENIED THE DEFENDANTS SEPT.20,06 MARSDEN,THE

2   JUDGE 'RUTH ANN KWAN' BEGIN TO REPRIMAND THE DEFENDANT B-38,lines

3   13, thur Page B-39,lines 1-21, (Reporters Transcript)  FOR NOT

4   BEING CONTENT WITH MR.PENTZ REPRESENTATION---FOR FAILING TO

5   COMPREHEND PENTZ AS ONE OF THE BEST LAWYERS IN HIS OFFICE.

6

7   THE JUDGE: "Sir I've worked with Pentz when he was  a brand new

8                  lawyer.He is an outstanding attorney.He fights...hard

9   for his clients,and I know he's been fighting hard for you. He's

10  been trying to get Mr.Wallace (DISTRICT ATTORNEY) to get off this

11  life sentence thing for you.I know because they have approached

12  me...talked to me about this case and tries to talk to Mr.Wallace,

13  to discuss all the different issues this case may have for the

14  prosecution to get him  to come down from a life offer. From

15  pursuing this case as a life case, and they have had these

16  discussion in my presence. So I know the details and Voluminous

17  work he has done on this case on your behalf and the type of

18  representation he has given you in this case as well as in all

19  his cases".

20

21  THE JUDGE WAS WRONG FOR BASING HER DENIAL OF THE MARSDEN MOTION

22  ON HER (one) PERSONAL KNOWLEDGE AND RELATRIONSHIP WITH MR.PENTZ,

23  RATHER THEN THE DEFENDANT RELATIONSHIP WITH COUNSEL. Her

24  relationship  consist of his representation in this case and all

25  his cases: his discussion with the district attorney,about a deal

26  rather then pursuing life:  Her personally knowing Pentz when he

27  was a brand new attorney: and her consideration of the defendant's

28                         (PAGE  42      .)

1   complaints as little, and no reason to relieve attorney.   JUDGE

2   RUTH ANN KWAN DENIAL OF THE MARSDEN IN ESSENCE WAS BASDED ON HER

3   RELATIONSHIP WITH MR.PENTZ,NOT THE ISSUE THE DEFENDANT RAISE; AND

4   CERTAINLY NOT THE DEFENDANT RELATIONSHIP WITH MR.PENTZ.   THIS

5   PREJUDICAL MISCONDUCT DEPRIVE THE DEFENDANT OF A FIBUCIARY

6   RELATIONSHIP   FREE OF SUCH CONFLICT.

7

8   SUCH AUTHORTIVE PREJUDICE WEIGHED HEAVY ON THE DEFENDANT.NO WERE

9   TO SEEK RELIEF,FROM COUNSEL'S MEANS OF HIDING THE TRUTH B-38,1i 18;

10  not willing to go on A-27,line 21; AND UNDER GREAT PRESURE FROM

11  THE COURT,THE JUDGE KWAN TO MAKE/ACCEPT A PLEA BARGIN,WHILE SHE

12  HELD THE THREAT OF A LIFE SENTENCE OVER HIS HEAD B,41,lines 26-28,

13  thur B-42,lines 1-21;PRESUMING THE HIM GUILTY BASED ON HIS PRIORS.

14

15  THE COURT: "...We're talking about a life offer".

16  MR.WALLACE: "Double digits,in the teens somewhere in there...".

17

18  IN OTHER WORDS UNLESS THE DEFENDANT PLEAD GUILTY,MR.WALLACE THE

19  (D.A.) WOULDN'T EVEN CONSIDER ANYTHING ELSE.JUGE KWAN UNDERSTOOD

20  THIS AND ELECTED TO EXPLAIN THE D.A. WORDS AS SUCH.

21          (THE JUDGE KWAN INTERPUTE D.A. OFFER TO DEFENDANT)

22  THE COURT: "Let me interpute that for you Mr. Winn.What he's

23          saying is this.With your record he is not willing to

24  get off pursuing this case as a third strike.If it goes to trial

25  and if your convicted you're going to be looking at life.But He

26  is only willing to consider it if you give him an offer.He's not

27   giving you a offer.Giving him an offer that'S A DOUBLEDIGET--

28                  (PAGE 43  )

1  --And double digets means ten or more (years). That's where he's

2  going---if you feel you have a strong case and are going to win at

3  trial,go ahead and do it.If they win,YOU'LL GET LIFE, But if you're

4  interested in trying to resolve this case and be realistic about

5  what this case can be resolved at,meaning not just probation or a

6  year or two,  but rather double digets,then you should think about

7  it and talk to your lawyer and communicate an offer to him,okay?

8

9  THE DEFENDANT: I' TOLD THE LAWYER.

10

11  IN BERGER V. UNITED STATES (1935) 295 U.S. 78,55 5 Ct.629,633,79

12  L.Ed.1314 1321 .THE COURT SAID THE PROSECUTING ATTORNEY IS THE

13  REPRESENTATION,NOT OF AN ORDINARY PARTY TO A CONTROVERSY,BUT OF A

14  SOVEREIGNTY WHOSE OBLIGATION TO GOVERN IMPARTIALLY IS AS COMPELLING

15  AS IT'S OBLIGATION TO GOVERN AT ALL;  AND WHOSE INTEREST,THEREFORE,

16  IN A CRIMMAL PROSECUTION IS NOT THAT IT SHALL WIN A CASE, BUT THAT

17  JUSTICE SHALL BE DONE.AS SUCH, HE IS IN A PECULIAR AND VERY

18  DEFINITE SENSE THE SERVANT OF THE LAW,THE TWOFOLD AIM OF WHICH IS

19  THAT GUILT SHALL NOT ESCAPE OR INNOCENCE SUFFER.  HE MAY PROSECUTE

20  WITH EARNESTNESS AND VIGOR-INDEED HE SHOULD DO SO.  BUT WHILE HE

21  MAY STRIKE HARD BLOWS,HE IS NOT AT LIBERTY TO STRIKE FOUL ONES.

22  IT IS AS MUCH HIS DUTY TO REFRAIN FROM IMPROPER METHODS CALCULATED

23  TO PRODUCE A WRONGFUL CONVICTION AS IT IS TO USE EVERY LEGITIMATE

24  MEANS TO BRING ABOUT A JUST ONE". See Vierea V.United States (1943)

25  318 U.S. 236,63 5 Ct. 561,566,876,Ed 734,741; People V.Lynch (1943) 60 C.A. 2d

26  133,141,140 P.d 418; People V.Lyon (1956) 47 C.2d 311,318,303,P.2d.

27

28                          Pg.44

1  THE ALLEGE CHARGE OF ASSLT WITH A KNIFE PROMBT DEFENDANT TO EXCEPT

2  THE DISTRICT ATTORNEY'S OFFER, DEPRIVED DEFENDANT OF A FAIR TRIAL

3  AND RESULTES IN A MISCARRIAGE OF JUSTICE, People V.Hinton (2006)

4  [Cititation Omitted].   THE DISTRICT ATTORNEY, MR. WALLACE USE

5  THE QUESTIONABLE TESTIMONY OF JORGE VALENCIA, KNOWING IT'S DEFECTS,

6   See Offical Reporters Transcripts Page 5,lines 6-12; Page 328,

7  lines 20-28                        TO COERCE THE DEFENDANT

8  INTO EXCEPTING A PLEA. THE JUDGE RUTH ANN KWAN ALSO ADMITTING

9  ON THE RECORD THE QUESTIONABLE ALLEGE TESTIMONY OF VALENCIA,AFTER

10  SUCH PLEA BARGIN.

1   SUCH PREJUDICE OF THE COURT WEIGHED HEAVELY  ON THE DEFENDANT.NO WERE TO SEEK

2   RELIEF FROM COUNSEL MEANS OF HIDING THE TRUTH B-38,line 38; NOT WILLING TO GO

3   ON A-27,line 21; AND UNDER GREAT PRESURE FROM THE COURT,THE JUDGE TO ACCEPT A

4   PLEA BARGAN, WHILE SHE HELD THE TREAT  OF LIFE IN PRISON OVER THE DEFENDANT'S

5   HEAD, B-41,lines 26-28; B-42,lines 1-21; B-38,lines 18-28;   THE JUDGE,PRESUMING

6   THE DEFENDANT GUILTY BASED ON HIS PRIORS          RATHER THEN BEING ACTUALLY

7   GUILTY OF THE ALLEGA CHARGE. DEFENDANT HAS CONSTITUTIONAL RIGHTS TO BE FREE OF

8   DURESS AS HE PLEADS TO CRIMMAL CHARGES AND HIS FAILURE TO SEEK RELIEF IN TRIAL

9   COURT DOES NOT ACCOMPLISH WAIVER OF THAT RIGHT, UNITED STATES Rel.Elkins  V.

10  Gilligan (S.D. N.Y. (1966) 256 F. Supp.2114.   A TRIAL JUDGE MAY NOT BECOME

11  INVOLVED IN PLEA NEGOTIATIONS TO THE EXTENT THAT THE JUDGE COERCE A GUILTY PLEA,

12  People V. Sandoval (2006) 140 Cal.App. 4Th 111,123-125,43 Cal.Rptr 3d 911.   IF

13  THE JUDGE DOES PARTICIPATE IN PLEA BARGARINING NEGOTIATIONS (THE JUDGE) SHOULD

14  NOT CONVEY ANY  IMPLIED  THREATENING MESSAGE AS TO WHAT PROSECUTION WILL DO IF

15  ACCUSED PERSIST IN PLEADING NOT GUILTY OR WITHDRAWAL OF GUILTY PLEA MUST BE

16  ALLOW. People V.Williams (1969) 269 C.A. 879,75 C.R. 348, DISCUSSES THE

17  SPECIAL PROBLEMS THAT ARISE WHEN A JUDGE ACTIVIELY PARTICIPATE IN PLEA BARGANING.

18  "EXPERICENCE  SUGGEST THAT SUCH JUDICIAL ACTIVITY RISK MORE IN TERMS OF

19  UNINTENTIONAL COERCION OF DEFENDANT THAN IT GAINS IN PROMOTING UNDERSTANDING

20  AND VOLUNTARY PLEAS,AND THUS MOST AUTHORITIES RECOMMEND THAT IT BE KEPT TO A

21  MINIMUM, People V. Jensen (1992) 4  *p.526— C.A.4th 978,983,984, GC.R. 2d.201.

22  THE DEFENDANT FAILURE AFFIRMATIVELY TO REQUEST A CHANGE OF PLEA WAS NOT A

23  WAIVER OF HIS RIGHT TO DO SO.SINCE HE WAS NEVER ADVISED OF HIS RIGHT UNDER

24  SECTION 1192.5   HE SHALL NOT BE HELD TO HAVE WAIVED THEM 10 C. 3d 872. IF THE

25  COURT APPROVES THE PLEA,IT SHALL INFORM THE DEFENDANT PRIOR TO THE MAKING OF

26  THE PLEA THAT (1).IT'S APPROVAL IS NOT BINDING,(2).IT MAY AT ANY TIME SET THE

27  HEARING ON APPLICATION FOR PROBATION OR PRONOUNCED OF JUDGEMENT WITHDRAWN

28                                    Pg.46

# APPENDIX "A"

Court of Appeal, Second Appellate District, Div. 4 - No. B200921
**S165606**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

JAMES ROBINSON, Defendant and Appellant.

The petition for review is denied.

SUPREME COURT
**FILED**

SEP **1 7** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
GEORGE
Chief Justice



A-1

# "APPENDIX B"

STATE OF CALIFORNIA
GA-22 (9/92)

## INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| Oct 27, 09 | The SCC Trust Account Office | Robinson    J. | T26039 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| 74 mariposa | 6 | | FROM        TO |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)                ASSIGNMENT HOURS  FROM        TO

### Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Sir. I need A Certified Copy of my Trust Account BALANCE For The Last Six month in order to Submit A Claim to The Calif. State Claim Board.

INTERVIEWED BY: M. Melendez          DATE 11-3-09

DISPOSITION: See attached Account print out.

BA 1

Date\Time: 11/3/2009 1:51:58 PM
Institution: SCC

**CDCR**                              Verified: _____
**Inmate Statement Report**

| Start Date: | 4/1/2009 | Revalidation Cycle: | All |
|---|---|---|---|
| End Date: | 11/3/2009 | Housing Unit: | All |
| Inmate/Group#: | T26039 | Inmate/Group Name: | ROBINSON, JAMES WILLIAM |

1

Date\Time: 11/3/2009 1:51:58 PM ·          Verified: _____

Institution: SCC

## CDCR
## Inmate Statement Report

| CDCR# | Inmate/Group Name | Institution | Unit | Cell/Bed |
|-------|-------------------|-------------|------|----------|
| T26039 | ROBINSON, JAMES | SCC | MAF 74000000 | 00006U |

Current Available Balance:      $0.00

### Transaction List

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|------------------|-------------|------------------|-------------|-----------------|--------|-----------------|
| **No information was found for the given criteria.** |

### Encumbrance List

| Encumbrance Type | Transaction Date | Amount |
|------------------|------------------|--------|
| **No information was found for the given criteria.** |

### Obligation List

| Obligation Type | Court Case# | Original Owed Balance | Sum of Tx for Date Range for Oblg | Current Balance |
|-----------------|-------------|-----------------------|-----------------------------------|-----------------|
| REGULAR MAIL | POSTAGE | $1.00 | $0.00 | $1.00 |
| REGULAR MAIL | TWO MAIL | $0.42 | $0.00 | $0.42 |
| REGULAR MAIL | POSTAGE | $0.59 | $0.00 | $0.59 |
| REGULAR MAIL | POSTAGE | $0.59 | $0.00 | $0.59 |
| REGULAR MAIL | POSTAGE CHARGE | $0.27 | $0.00 | $0.27 |
| REGULAR MAIL | POSTAGE | $0.61 | $0.00 | $0.61 |
| REGULAR MAIL | MAIL | $1.09 | $0.00 | $1.09 |
| REGULAR MAIL | MAIL | $9.25 | $0.00 | $9.25 |
| REGULAR MAIL | POSTAGE | $0.44 | $0.00 | $0.44 |
| REGULAR MAIL | POSTAGE | $0.44 | $0.00 | $0.44 |
| REGULAR MAIL | POSTAGE | $44.00 | $0.00 | $44.00 |
| COPY CHARGES | COPIES | $0.96 | $0.00 | $0.96 |
| REGULAR MAIL | POSTAGE | $0.44 | $0.00 | $0.44 |
| REGULAR MAIL | POSTAGE | $4.95 | $0.00 | $4.95 |
| REGULAR MAIL | POSTAGE | $0.44 | $0.00 | $0.44 |
| REGULAR MAIL | POSTAGE | $5.50 | $0.00 | $5.50 |
| REGULAR MAIL | POSTAGE | $0.61 | $0.00 | $0.61 |
| REGULAR MAIL | POSTAGE | $1.39 | $0.00 | $1.39 |
| REGULAR MAIL | POSTAGE | $0.44 | $0.00 | $0.44 |
| COPY CHARGES | COPY CHARGES | $0.36 | $0.00 | $0.36 |
| REGULAR MAIL | POSTAGE | $9.25 | $0.00 | $9.25 |
| REGULAR MAIL | POSTAGE | $5.75 | $0.00 | $5.75 |
| REGULAR MAIL | POSTAGE | $5.50 | $0.00 | $5.50 |
| REGULAR MAIL | POSTAGE | $5.20 | $0.00 | $5.20 |
| COPY CHARGES | COPIES | $1.56 | $0.00 | $1.56 |
| REGULAR MAIL | POSTAGE | $0.44 | $0.00 | $0.44 |
| REGULAR MAIL | POSTAGE | $0.78 | $0.00 | $0.78 |
| REGULAR MAIL | POSTAGE | $0.78 | $0.00 | $0.78 |

Date\Time: 11/3/2009 1:51:58 PM

Institution: SCC

**CDCR**

Verified: _____

## Inmate Statement Report

| Obligation Type | Court Case# | Original Owed Balance | Sum of Tx for Date Range for Oblg | Current Balance |
|---|---|---|---|---|
| REGULAR MAIL | POSTAGE | $0.78 | $0.00 | $0.78 |
| REGULAR MAIL | POSTAGE | $0.78 | $0.00 | $0.78 |
| REGULAR MAIL | POSTAGE | $1.22 | $0.00 | $1.22 |
| REGULAR MAIL | POSTAGE | $1.22 | $0.00 | $1.22 |
| REGULAR MAIL | POSTAGE | $0.61 | $0.00 | $0.61 |
| REGULAR MAIL | POSTAGE | $9.25 | $0.00 | $9.25 |
| REGULAR MAIL | POSTAGE | $8.15 | $0.00 | $8.15 |
| REGULAR MAIL | POSTAGE | $7.10 | $0.00 | $7.10 |
| REGULAR MAIL | POSTAGE | $8.15 | $0.00 | $8.15 |
| REGULAR MAIL | POSTAGE | $5.75 | $0.00 | $5.75 |
| REGULAR MAIL | POSTAGE | $3.46 | $0.00 | $3.46 |
| COPY CHARGES | COPIES | $1.20 | $0.00 | $1.20 |
| COPY CHARGES | COPIES | $0.36 | $0.00 | $0.36 |
| REGULAR MAIL | POSTAGE | $1.39 | $0.00 | $1.39 |
| REGULAR MAIL | POSTAGE | $5.75 | $0.00 | $5.75 |
| REGULAR MAIL | POSTAGE | $5.20 | $0.00 | $5.20 |
| COPY CHARGES | COPIES | $0.72 | $0.00 | $0.72 |
| COPY CHARGES | COPIES | $1.44 | $0.00 | $1.44 |
| REGULAR MAIL | POSTAGE | $0.17 | $0.00 | $0.17 |
| REGULAR MAIL | POSTAGE | $10.30 | $0.00 | $10.30 |
| REGULAR MAIL | POSTAGE | $5.20 | $0.00 | $5.20 |
| REGULAR MAIL | POSTAGE | $5.20 | $0.00 | $5.20 |
| REGULAR MAIL | POSTAGE | $4.95 | $0.00 | $4.95 |
| REGULAR MAIL | POSTAGE | $0.17 | $0.00 | $0.17 |
| REGULAR MAIL | POSTAGE | $0.17 | $0.00 | $0.17 |
| COPY CHARGES | COPIES | $1.44 | $0.00 | $1.44 |
| COPY CHARGES | COPIES | $4.05 | $0.00 | $4.05 |
| LEGAL COPY | LEGAL COPIES | $2.61 | $0.00 | $2.61 |
| REGULAR MAIL | POSTAGE | $0.61 | $0.00 | $0.61 |
| REGULAR MAIL | SCC POSTAGE JEM | $0.61 | $0.00 | $0.61 |
| REGULAR MAIL | POSTAGE | $1.39 | $0.00 | $1.39 |
| REGULAR MAIL | POSTAGE | $1.39 | $0.00 | $1.39 |
| REGULAR MAIL | POSTAGE | $0.78 | $0.00 | $0.78 |
| REGULAR MAIL | POSTAGE | $0.78 | $0.00 | $0.78 |
| REGULAR MAIL | POSTAGE | $0.78 | $0.00 | $0.78 |
| REGULAR MAIL | POSTAGE | $2.07 | $0.00 | $2.07 |
| LEGAL COPY | LEGAL COPIES | $8.25 | $0.00 | $8.25 |
| LEGAL COPY | LEGAL COPIES | $3.48 | $0.00 | $3.48 |
| LEGAL MAIL | LEGAL MAIL | $2.07 | $0.00 | $2.07 |
| LEGAL COPY | LEGAL COPIES | $0.12 | $0.00 | $0.12 |
| REGULAR MAIL | POSTAGE | $4.95 | $0.00 | $4.95 |

3  B-4

Date\Time: 11/3/2009 1:51:58 PM

Institution: SCC

Verified: _____

**CDCR**

**Inmate Statement Report**

| Obligation Type | Court Case# | Original Owed Balance | Sum of Tx for Date Range for Oblg | Current Balance |
|---|---|---|---|---|
| REGULAR MAIL | POSTAGE | $4.95 | $0.00 | $4.95 |
| REGULAR MAIL | POSTAGE | $4.95 | $0.00 | $4.95 |
| REGULAR MAIL | POSTAGE | $1.39 | $0.00 | $1.39 |
| READING GLASSES | POSTAGE | $5.20 | $0.00 | $5.20 |
| REGULAR MAIL | POSTAGE | $6.85 | $0.00 | $6.85 |
| COPY CHARGES | COPIES | $9.66 | $0.00 | $9.66 |
| COPY CHARGES | COPIES | $6.57 | $0.00 | $6.57 |
| COPY CHARGES | COPIES | $211.64 | $0.00 | $211.64 |

**Restitution List**

| Restitution | Court Case# | Original Owed Balance | Interest Accrued | Sum of Tx for Date Range for Oblg | Current Balance |
|---|---|---|---|---|---|
| RESTITUTION FINE | BA198439 | $800.00 | $0.00 | $0.00 | $125.83 |

4

# APPENDIX "C"



**000095**   CR-120

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*

FOR COURT USE ONLY

TELEPHONE NO.:                    FAX NO.:

ATTORNEY FOR *(Name):*

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 19 2007

JOHN A. CLARKE, CLERK

BY C. GARCIA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF sacramento

PEOPLE OF THE STATE OF CALIFORNIA

DEFENDANT: James Robinson VS. Aka Williams Winn

Date of birth: 1-22-62   California Dept. of Corrections No. *(if applicable):* T26039

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
(Pen. Code, §§ 1237, 1538.5(m); Cal. Rules of Court, rule 31(d))

CASE NUMBER(S):

BA 299063

RECEIVED JUL. 09 2007 BY

**NOTICE**

If your appeal challenges the validity of the plea you must complete the *Request for Certificate of Probable Cause* on the other side of this form. (Pen. Code, § 1237.5.)

You must file this form in the superior court within 60 days after entry of judgment.

1. Defendant *(name):*

   appeals from the order or judgment entered on *(specify date of order, judgment, or sentence):* 4-27-07

2. This appeal follows:

   a. ☐ A jury or court trial. (Pen. Code, § 1237(a).)

   b. ☐ A contested violation of probation. (Pen. Code, § 1237(b).)

   c. ☑ A guilty (or no-contest) plea or an admitted probation violation *(check all boxes that apply):*

      (1) ☐ This appeal is based on the sentence or other matters occurring after the plea. (Cal. Rules of Court, rule 31(d).)

      (2) ☐ This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

      (3) ☑ This appeal challenges the validity of the plea or admission. *(You must complete the* Request for Certificate of Probable Cause *on the other side of this form.)*

   d. ☐ Other *(specify):*

3. ☑ I request that the court appoint an attorney on appeal.   Defendant ☑ was ☐ was not represented by an appointed attorney in the superior court.

4. Defendant's address: ☐ same as in attorney box above.
   ☑ as follows: MR. James W. Robinson T26039
   NKSP Fac B. B1, 115
   Delano Calif 93216
   P.O. Box 4999
   Aka Williams Winn

Date:

JAMES W. Robinson
(TYPE OR PRINT NAME)

▶ Mr. James W. Robinson
(SIGNATURE OF DEFENDANT OR ATTORNEY)

(A Request for Certificate of Probable Cause is on the other side)

Form Approved for Optional Use
Judicial Council of California
CR-120 [New July 1, 1999]

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
(Criminal)

WEST GROUP
Official Publisher

Penal Code, §§ 1237, 1538.5(m)
Cal. Rules of Court, rule 31(d)

000096

CEOOOC

| PEOPLE OF THE STATE OF CALIFORNIA vs. JAMES W. ROBINSON AKA William Winn | CASE NUMBER(S): |
|---|---|
| DEFENDANT: | BA 299063 |

## REQUEST FOR CERTIFICATE OF PROBABLE CAUSE

I request a certificate of probable cause. The guilty plea, the no-contest plea, or the admission of a probation violation was illegal because (specify):

The Ineffective Assistance of Counsel LARRY SPERBER who Fail and Refuse To Act on my Behalf in The Following: (1) File discovery motion, PreTaining evidence And Witnesses Of District Attorney And Evidence (2) Refuse to use The ARResting Police Report To show the Court The ContraTory Statement Of Accusees: (3). L. SPerber disAgree with me Testifying An Stand. (4). ConstanT ConflicT PresenTed to me, By SPerber (5). Refuse to discuss MatTer of case And Method of PresenTing defense At Trial with me; (6). Refuse to give my statment Of the incident to District AttorneY As I RePeatly Ask Him to do months in Advance. (7) Refuse to PResent Evidence to Court, my cloth that would Prove the knife could not Have Been in my Pocket, And the Blood on the Cloth was mines not the Accuse. (8). Refuse to submit Names of witness to cout on my Behalf in A Timely MANNer, NOR did He question Them All, And Have Them Available For Trial. Individuals who were Eye witnesses of the incident: Betty ARiston; Valerie Lewis; Jason mitchel; Anthony Williams; Jason Levine; Dashun Knokes; Michael Farmer; TyRone Hughes; Police Officer Grimmer #36940 (Who responded) And Took statements, Harold Jackson, Marcus Kennedy, Terry Allen, James Moore, all Who Witness The incident, LARRy SPerber Refuse To Contact And Summon To APpear in court. (9). SPerber Fail/Refuse To File Pre-Trial motion to have Charges Amended (10). Fail to Advise me Of Accusers' 'Valencia' Testimony And unavailability, (11). ReFuse To contrast Accusers Stated Location of incident with Photos, (12). Refuse To Summon Firefighters/Rescue Teams That Would Have Verified Accusee, Had NO injury On Him When They ARRive To Treat me, Refuse Fail to Filed For Change Of Court in Timely Manner.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 19, 07

JAMES W. Robinson
(TYPE OR PRINT NAME)

▶ James W. Robinson    Aka williams winn
(SIGNATURE OF DEFENDANT OR ATTORNEY)

## COURT ORDER

This *Request for Certificate of Probable Cause* is (check one): ☐ granted   ☐ denied.

Date: _____

_____
JUDGE

CR-120 [New July 1, 1999]

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
(Criminal)

WEST GROUP
Official Publisher

Page two



# "APPENDIX D"

UNITED STATES DISTRICT COURT

**CENTRAL**   DISTRICT OF CALIFORNIA

JAMES WILLIAM ROBINSON                )
                                      )
                    Petitioner,       )     CASE NO. _____
                                      )
V.                                    )
                                      )
F.X.CHAVEZ _____       )
                                      )     **PROOF OF SERVICE BY MAIL**
_____Respondent.   )

I am a citizen of the United States and a resident in the state of California.  I'm currently incarcerated in a California State Prison.  I'm over the age of 18 years, and a party to the within action.

I served the following document to each of the persons named below at the address shown. By placing a true copy in a sealed envelope with postage fully prepaid, in the U.S. Mail at the Institutional mailroom.

**DOCUMENT:**
Petition for Writ of Habes Corpus

**PARTIES SERVED:**

Clerk of the Unites States District Court for the
Central District of california
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles,California 900112

I declare under penalty of perjury the above statements are true and correct. This document executed on the ____14____ Day of ____December_____ 200_9___ , in the city of ____Jamestown_____, California.  By:  JAMES WILLIAM ROBINSON

                                                                  print your name

SIGNED: *James William Robinson*

D-1

# APPENDIX "E"

E

# TOPICAL INDEX

Table of Authorities ................................................................................................ ii

BRIEF SUBMITTED ON BEHALF OF APPELLANT JAMES
    ROBINSON IN ACCORDANCE WITH PROCEDURES
    OUTLINED IN *PEOPLE V. WENDE* (1979) 25 CAL.3D 436 ................... 1

STATEMENT OF THE CASE ............................................................................. 1

STATEMENT OF APPEALABILITY .............................................................. 3

STATEMENT OF FACTS .................................................................................. 3

ARGUMENT ........................................................................................................ 4

THE APPLICABLE LAW IN THIS CASE IS
*PEOPLE V. WENDE* (1979) 25 CAL.3D 436 ................................................. 4

DECLARATION OF DIANE E. BERLEY ...................................................... 5

CERTIFICATION OF BRIEF FORMAT AND WORD COUNT ................... 6

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS ................. 6

PROOF OF SERVICE ........................................................................................ 7

E-2

# TABLE OF AUTHORITIES

## STATE CASES

*People v. Wende* (1979) 25 Cal.3d 436 ................................................................1,4

*People v. Johnson* (1981) 123 Cal.App.3d 106 ........................................................4


## STATE STATUTES

Pen. Code, section 211 ...............................................................................1

Pen. Code, section 245, subd. (a)(1) ................................................................1

Pen. Code, section 262, subd. (a)(1) ................................................................1

Pen. Code, sec. 667, subd. (a)(1) ...................................................................1

Pen. Code, sec. 667, subd. (b) ......................................................................1

Pen. Code, sec. 667.5, subd. (b) ....................................................................1

Pen. Code, section 1170.12 ..........................................................................1

Pen. Code, section 1237.5 ...........................................................................3


## COURT RULES

Cal. Rules of Court, rule 8.204(c)...................................................................6

Cal. Rules of Court, rule 8.208(d)...................................................................6

Cal. Rules of Court, rule 8.304 .....................................................................4

E-3

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br>            Plaintiff and Respondent, <br><br> v. <br><br> JAMES ROBINSON, <br><br>            Defendant and Appellant. | Case No.:   B200921 <br><br> Superior Court No. BA299063-1 |

**BRIEF SUBMITTED ON BEHALF OF APPELLANT JAMES ROBINSON IN ACCORDANCE WITH PROCEDURES OUTLINED IN *PEOPLE V. WENDE* (1979) 25 CAL.3D 436**

\*\*\*\*\*

## STATEMENT OF THE CASE

On March 3, 2006, the Los Angeles County District Attorney filed a two-count felony information, charging appellant James Robinson as follows:

| | |
|---|---|
| Count 1 | Assault With a Deadly Weapon (Pen. Code, sec. 245, subd. (A)(1) on Jorge Valencia |
| Count 2 | Assault With a Deadly Weapon (Pen. Code, sec. 245, subd. (A)(1) on Fernando Roberts |

The information included allegations as to the following prior convictions:

| | | | |
|---|---|---|---|
| A901865 – Penal Code sec. 211, on 1-4-83 | Penal Code, sec. 667, subd. (a)(1) | Penal Code, sec. 667, subd. (b)-(i) and 1170.12, subd. (a)-(d) | Penal Code, sec. 667.5, subd. (b) |
| A964292 – Penal Code, sec. 211, on 4-5-89 | Penal Code, sec. 667, subd. (a)(1) | Penal Code, sec. 667, subd. (b)-(i) and 1170.12, subd. (a)-(d) | Penal Code, sec. 667.5, subd. (b) |

E-4

The trial court sentenced appellant to six years in state prison, consisting of the middle base term of three years on Count 2, doubled to six years as a second strike. The court credited appellant with 630 days presentence custody. The Court dismissed Count 1 pursuant to the plea agreement. (1CT 90-92, 94 [abstract of judgment]; 3RT 337-338.)

## STATEMENT OF APPEALABILITY

On June 19, 2007, appellant timely filed a Notice of Appeal and Request for Certificate of Probable Cause from the judgment of conviction pursuant to plea, which judgment finally disposed of all issues between the parties, in compliance with Penal Code section 1237.5, subdivision (a) and California Rules of Court, rules 8.304(a) and (b). (1CT 95-96)  On July 18, 2007, the court issued an Order Denying the Application for Certificate of Probable Cause.  (1CT 98-100)

## STATEMENT OF FACTS

According to the Probation Report, on March 3, 2006, appellant James Robinson was standing outside the Leavy Learning Center on South San Pedro Boulevard and was talking in a loud and belligerent manner with passing pedestrians.  Security guards Jorge Valencia and Fernando Roberts asked appellant to leave and he complied.  Ten minutes later, appellant returned.  He swung a stick and struck both Valencia (Count 1, dismissed) and Roberts (Count 2, pled *nolo contendere*).  Valencia and Roberts wrestled him to the ground. He also removed a knife with a 4-1/2 inch blade from his pocket and swung it at Valencia and Roberts, lacerating Valencia's forearm and shoulder.  (1CT 73-74)

E-6

## ARGUMENT

### I.

### THE APPLICABLE LAW IN THIS CASE IS
### *PEOPLE V. WENDE* (1979) 25 CAL.3D 436

When counsel files a brief which sets forth a summary of the proceedings and facts, with citations to the transcript, but raises no specific issues, the Court of Appeal must conduct an independent review of the entire record to determine whether the record reveals any issues which would, if resolved favorably to the appellant, result in reversal or modification of the judgment. (*People v. Wende* (1979) 25 Cal.3d 436; see also *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112)

This brief, with the attached declaration of appellate counsel, is filed in accordance with the procedures outlined in *People v. Wende, supra*, as interpreted by the court in *People v. Johnson, supra*.

Dated:  December 1, 2007.

Respectfully submitted,

DIANE E. BERLEY
Attorney for Appellant
James Robinson

E-7

## DECLARATION OF DIANE E. BERLEY

I, Diane E. Berley, do declare and state as follows:

1.     I am an attorney duly licensed to practice before all courts of the state of California and am court-appointed counsel for appellant Kenneth Agnew in this matter.

2.     I have thoroughly reviewed the records and files in this case. I have advised appellant that a brief on his behalf has been filed according to the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436, and copies of this brief have been provided to him.

3:     I have further advised appellant that he personally may file a supplemental brief in this case, raising any points which he chooses to call to the Court's attention, and I have sent to him the transcripts of the record on appeal.

4.     I do not hereby request to be relieved as appointed counsel, but I will freely withdraw should appellant so request. I remain available to brief any issues requested by the court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at West Hills, California, on December 1, 2007.

DIANE E. BERLEY

5

E-8

**CERTIFICATION OF BRIEF FORMAT AND WORD COUNT**

Pursuant to Rule 8.204(c) of the California Rules of Court, I certify that the foregoing document has a proportionally spaced typeface of Times New Roman, 13 characters per inch and contains 1,507 words.

Dated:   December 1, 2007.

Respectfully submitted,

DIANE E. BERLEY
Attorney for Appellant

**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Rule 8.208(d)(3) of the California Rules of Court, I certify that I am aware of no entities or persons who have any interest in the outcome of these proceedings.

Dated: December ___, 2007.

Respectfully submitted,

DIANE E. BERLEY
Attorney for Appellant

E-9

# PROOF OF SERVICE BY MAIL

State of California     )
                        )
County of Los Angeles  )

       I am employed in the County aforesaid; I am over the age of eighteen (18) years and not a party to the within action; my business address is 6520 Platt Avenue, PMB 834, West Hills, CA 91307-3218.

       On December 3, 2007, I served the within Appellant's Opening Brief Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at West Hills, California, addressed as follows:

Clerk, Court of Appeal
Second Appellate District, Division Four
300 South Spring Street
Second Floor, North Tower
Los Angeles, CA 90013

Clerk, Los Angeles County Superior Court
For: Hon. Ruth Ann Kwan
210 West Temple Street
Los Angeles, CA 90012

Attorney General of the State of California
300 S. Spring Street
Los Angeles, CA 90013

Los Angeles County District Attorney
Attn: Scott McPheron, Deputy
210 West Temple Street, 18th Floor
Los Angeles, CA 90012

Lawrence Sperber
Attorney at Law
15760 Ventura Blvd., Suite 700
Encino, CA 91436

California Appellate Project
520 S. Grand Avenue, 4th Floor
Los Angeles, CA 90071

James Robinson, No. T26029
North Kern State Prison
P.O. Box 567
Delano, CA 93216-0567

       I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at West Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

       I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed at West Hills, California, on December 3, 2007.

**DIANE E. BERLEY**

7

E-10



**TERRY NAFISI**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Monday, December 21, 2009

JAMES WILLIAM ROBINSON
CDC# T-26039
5150 O'BYRNES FERRY ROAD
JAMESTOWN, CA 95327

Dear Sir/Madam:

Your petition has been filed and assigned civil case number      CV09- 9324 CAS (CT)

Upon the submission of your petition, it was noted that the following discrepencies exist:

1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank
check, business or corporate check, government issued check, or money order drawn on a major
American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If
you are unable to pay the entire filing fee at this time, you must sign and complete this
court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its
entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover,
American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at
all payment windows where receipts are issued.

X 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

   (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

X
   (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its
   entirety.

   (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized
   officer at the prison.

   (d) You did not use the correct form.  You must submit this court's current Declaration in
   Support of Request to Proceed in Forma Pauperis.

   (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in
Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court

AGRAGERA

By: _____

Deputy Clerk

CV-111 (07/06)          **NOTICE re: DISCREPENCIES FOR FILING OF HABEAS CORPUS PETITION**



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**

**District Court Executive**
**and Clerk of Court**

Monday, December 21, 2009

**JAMES WILLIAM ROBINSON**
**CDC# T-26039**
**5150 O'BYRNES FERRY ROAD**
**JAMESTOWN, CA 95327**

Dear Sir/Madam:

A  X  Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
      CV09- 9324 CAS (CT)

A  ___ Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
       number _____  and also assigned the civil case number _____

A  ___ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and
       assigned civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
    ___ District Court Judge _____
    ✓ Magistrate Judge _Carolyn Turchin_____
at the following address:

**X** U.S. District Court          Ronald Reagan Federal        U.S. District Court
    312 N. Spring Street         Building and U.S. Courthouse  3470 Twelfth Street
    Civil Section, Room G-8      411 West Fourth St., Suite 1053  Room 134
    Los Angeles, CA  90012       Santa Ana, CA  92701-4516     Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

                                        Very truly yours,

                                        Clerk, U.S. District Court


                            By:  __AGRAGERA_____
                                        Deputy Clerk

CV-17 (06/09)            **LETTER re FILING H/C PETITION or 28/2255 MOTION**