I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12/23/09

Deborah A. Malone
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES WILLIAM ROBINSON, aka WILLIAMS WINN, | ) ) ) | NO. CV 09-09324-CAS(CT) |
| Petitioner, | ) ) | MEMORANDUM AND ORDER: (1) GRANTING |
| v. | ) ) | LEAVE TO FILE A FIRST AMENDED PETITION; (2) REQUIRING PAYMENT OF |
| F.X. CHAVEZ, Warden, | ) ) | $5.00 FILING FEE; (3) DENYING REQUESTS FOR APPOINTMENT OF COUNSEL |
| Respondent. | ) ) ) | AND FOR AN EVIDENTIARY HEARING WITHOUT PREJUDICE |
| | ) | |

On December 17, 2009, James William Robinson ("petitioner"), a prisoner in state custody and proceeding pro se, lodged a federal petition for writ of habeas corpus (the "petition"), a request for appointment of counsel and an evidentiary hearing, and a request to proceed in forma pauperis.

### ORDER

IT IS HEREBY ORDERED:

1.  Petitioner's request for an evidentiary hearing is premature and, therefore, is **DENIED** without prejudice at this time;

2.  The court finds appointment of counsel is not necessary at this time to avoid due process violations or in the interests of justice. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.

1983).  Accordingly, petitioner's request for appointment of
counsel is **DENIED**;

3.    Petitioner has not paid the $5.00 filing fee, and his request to
proceed in forma pauperis is incomplete.  Petitioner is,
therefore, **ORDERED** to submit the filing fee or a completed
application to proceed in forma pauperis, which includes a
completed Certificate of Funds in Prisoner's Account **signed by an
authorized prison official of the institution at which he is
currently detained,** on or before January 7, 2010.  Petitioner is
advised that failure to submit the filing fee or completed
application may result in dismissal of this action;

4.    The petition accompanied by a 46-page memorandum of points and
authorities.  Pursuant to Local Rule 11-6, a memorandum of points
and authorities submitted with a petition may not exceed twenty-
five (25) pages. The court finds that a memorandum in excess of
the page limit is not needed in this case.

5.    It is unclear whether all grounds in the petition have been
exhausted.  A federal court will not grant a state petitioner's
petition for writ of habeas corpus unless it appears that the
prisoner has exhausted available state remedies.  28 U.S.C. §
2254(b)(1); see Rose v. Lundy, 455 U.S. 509, 522 (1982).  With
respect to each ground raised, make sure that both the (1)
**operative facts** and (2) **federal legal theories** have been
presented to the state courts.  The federal constitutional theory
must have been articulated to the state courts.  Duncan v. Henry,
513 U.S. 364 (1995).  See also Baldwin v. Reese, 541 U.S. 27, 32
(2004) ("fair presentation" requires that a petitioner expressly
alert the state's highest court to the federal basis of his claim

1   by "citing in conjunction with the claim the federal source of
2   the law on which he relies or a case deciding such a claim on
3   federal grounds, or by simply labeling the claim 'federal'").
4       The court finds that leave to file a first-amended petition
5   should be **GRANTED**.  If petitioner opts to file a first amended
6   petition, he should follow these instructions:
7       a.   Petitioner is ordered to use the form supplied to him by the
8            Clerk of the Court with this order.  The form is entitled
9            "Petition for Writ of Habeas Corpus By a Person in State
10           Custody."  Petitioner is to add the words "First Amended"
11           above the word "Petition", and to use the case number
12           assigned to this petition, CV 09-09324-CAS(CT).  Petitioner
13           must answer each question **completely**.  In addition to the
14           form supplied by the Clerk of the Court, petitioner may file
15           a supporting memorandum of points and authorities **of no more**
16           **than twenty-five pages in length.**  L.R. 11-6.

17           This twenty-five page limit does not, however, include
18           exhibits.  Any exhibits should consist of state court
19           opinions, records, and/or minutes, **and all briefs petitioner**
20           **submitted in a state court of appeal or Supreme Court**
21           **relating to the contested conviction and sentence.**  Any
22           exhibits should be clearly numbered, e.g., Exhibit 1,
23           Exhibit 2, etc., and appended to the **end** of the first
24           amended petition.  Petitioner also should include a table of
25           contents for any exhibits.
26      b.   Petitioner is to provide the following information for all
27           appeals, petitions, applications, or motions filed in any
28           court with respect to this conviction or sentence:

3

a.   Name of the court;

b.   Nature of the proceeding;

c.   Grounds raised in the exact manner in which they were raised in the proceeding;

d.   Date filed;

e.   Result;

f.   Date of result; and,

g.   Citation or number of any written opinions or orders entered into pursuant to each such disposition.

c.   **Petitioner should not incorporate anything by reference.** For example, **petitioner must clearly and concisely set forth all grounds in his first amended petition.** He may not simply refer the court to his memorandum of points and authorities.

d.   Petitioner's first-amended petition should include only exhausted grounds. If petitioner has not exhausted his state court remedies, he may wish to dismiss this petition in order to do so. **However, petitioner is cautioned that this petition is subject to the one-year period of limitation applicable to a federal petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).** The one-year period of limitation generally runs from the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review, and is tolled only during the period of time in which a "properly filed" application for <u>state</u> post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d); <u>see also</u>

1  Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (section

2  2244(d) does not toll the limitation period during the

3  pendency of a federal habeas petition).  Petitioner is

4  advised that his federal grounds may be time-barred upon his

5  return to federal court if he opts to dismiss the petition

6  "without prejudice" and return to the California Supreme

7  Court.  Thus, the dismissal in this case may be effectively

8  with prejudice.  Petitioner is further cautioned that

9  failure to comply with state procedural rules may also bar

10  federal habeas corpus review.  See generally Coleman v.

11  Thompson, 501 U.S. 722, 729-30, 732 (1991).

12      Alternatively, petitioner may proceed in this court by

13  filing an amended petition that only contains his exhausted

14  claims.  James v. Pliler, 269 F.3d 1124 (2001); James v.

15  Giles, 221 F.3d 1074 (2000).  However, petitioner is advised

16  that he risks permanent forfeiture of his unexhausted claims

17  if he does so.  McClesky v. Zant, 499 U.S. 467, 494 (1991).

18  e.  If petitioner elects to file a first-amended petition, it

19      must be filed on or before **January 14, 2010**.  **Failure to**

20      **timely file a first-amended petition may be construed as**

21      **petitioner's consent to dismissal of this action and may**

22      **result in a recommendation that the action be dismissed.**

23

24  DATED: 14/23/09

25

26  CAROLYN TURCHIN
    UNITED STATES MAGISTRATE JUDGE

27

28  cc:  James William Robinson, aka William Winn
         CDC # T-26039

5

5150 O'Byrnes Ferry Road
Jamestown, CA 965327

Counsel for Respondent
Attorney General for the State of California

NAME
_____

PRISON IDENTIFICATION/BOOKING NO.
_____

ADDRESS OR PLACE OF CONFINEMENT
_____

Note:    It is your responsibility to notify the Clerk of Court in writing of any
         change of address. If represented by an attorney, provide his name,
         address, telephone and facsimile numbers, and e-mail address.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

CV _____
To be supplied by the Clerk of the United States District Court

_____
FULL NAME (*Include name under which you were convicted*)
                                          Petitioner,

v.

☐ _____ **AMENDED**

**PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

_____
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER
                                          Respondent.

PLACE/COUNTY OF CONVICTION
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number*)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.   To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.   In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.   Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.   Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.   You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.   You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.   When you have completed the form, send the original and two copies to the following address:
         Clerk of the United States District Court for the Central District of California
         United States Courthouse
         ATTN: Intake/Docket Section
         312 North Spring Street
         Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☐ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue

   a. Place of detention _____

   b. Place of conviction and sentence _____

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked)*.

   a. Nature of offenses involved *(include all counts)*: _____
   _____
   _____

   b. Penal or other code section or sections: _____
   _____
   _____

   c. Case number: _____

   d. Date of conviction: _____

   e. Date of sentence: _____

   f. Length of sentence on each count: _____
   _____

   g. Plea *(check one)*:

      ☐ Not guilty

      ☐ Guilty

      ☐ Nolo contendere

   h. Kind of trial *(check one)*:

      ☐ Jury

      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☐ Yes ☐ No

   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:

   a. Case number: _____

   b. Grounds raised *(list each)*:

      (1) _____

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision: _____

d.  Result _____

_____

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?   ☐ Yes   ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.  Case number: _____

b.  Grounds raised *(list each)*:

(1) _____

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision: _____

d.  Result _____

_____

5.  If you did not appeal:

a.  State your reasons _____

_____

_____

_____

_____

b.  Did you seek permission to file a late appeal?   ☐ Yes   ☐ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☐ Yes   ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

---

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)**

a.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

     (a) _____

     (b) _____

     (c) _____

     (d) _____

     (e) _____

     (f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes   ☐ No

b.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

     (a) _____

     (b) _____

     (c) _____

     (d) _____

     (e) _____

     (f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes   ☐ No

c.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

     (a) _____

     (b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes   ☐ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:**    *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a.   Ground one: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

| (2) Did you raise this claim on direct appeal to the California Court of Appeal? | ☐ Yes | ☐ No |
|---|---|---|
| (3) Did you raise this claim in a Petition for Review to the California Supreme Court? | ☐ Yes | ☐ No |
| (4) Did you raise this claim in a habeas petition to the California Supreme Court? | ☐ Yes | ☐ No |

b.   Ground two: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

| (2) Did you raise this claim on direct appeal to the California Court of Appeal? | ☐ Yes | ☐ No |
|---|---|---|
| (3) Did you raise this claim in a Petition for Review to the California Supreme Court? | ☐ Yes | ☐ No |

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

c.   Ground three: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

d.   Ground four: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

e.   Ground five: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
   ☐ Yes   ☐ No

   If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

   a. (1) Name of court: _____

      (2) Case number: _____

      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

      (4) Grounds raised *(list each)*:

         (a) _____

         (b) _____

         (c) _____

         (d) _____

         (e) _____

         (f) _____

      (5) Date of decision: _____

      (6) Result _____

   _____

      (7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

   b. (1) Name of court: _____

      (2) Case number: _____

      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

      (4) Grounds raised *(list each)*:

         (a) _____

         (b) _____

         (c) _____

         (d) _____

         (e) _____

         (f) _____

      (5) Date of decision: _____

      (6) Result _____

(7) Was an evidentiary hearing held?      ☐ Yes  ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?      ☐ Yes    ☐ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

    (a)   _____

    (b)   _____

    (c)   _____

    (d)   _____

    (e)   _____

    (f)   _____

11. Are you presently represented by counsel?      ☐ Yes    ☐ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

_____

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____      _____

              *Date*                           *Signature of Petitioner*